*Judgment reversed.*

## JOHN LEIBENGUT

*v.*

## LOUISVILLE, NEW ALBANY AND ST. LOUIS RAILWAY COMPANY.

*Filed at Mt. Vernon June 21, 1882.*

1. EMINENT DOMAIN—*condemnation proceedings in vacation.* Under the statute relating to eminent domain, the circuit and county courts are always open for proceedings to condemn land for right of way, and when the summons is quashed the court may order an *alias* summons returnable in vacation, and when so issued and served ten days before the return day, the court will acquire jurisdiction to assess the compensation to be paid for the right of way.

2. SAME—*amending summons, when no error, though not proper.* Where a summons issued by the county court on an application to condemn land for right of way was made returnable before the county court on a day in vacation, and the court caused the same to be amended so as to read "returnable before the judge," instead of the court, but it was properly served as issued, it was *held*, that the amendment should not have been made, it having been properly made returnable in the first instance; but it was further *held*, that as the amendment worked no harm, it presented no ground to

reverse the judgment of the court. A summons in such case, returnable before a judge in vacation, means before the court of which he is judge.

Appeal from the County Court of Jefferson county; the Hon. C. A. Kellar, Judge, presiding.

Messrs. A. M. & William H. Green, for the appellant.

Mr. S. F. Crews, and Messrs. Patton & Watson, for the appellee.

Mr. Justice Scholfield delivered the opinion of the Court:

A single question is raised upon this record. The proceeding was for the purpose of condemning right of way for a railroad under the Eminent Domain act. Summons was issued returnable on the first day of the November term,—it being the 21st day of the month,—of the county court of Jefferson county. That writ, on motion of appellant's attorneys, was on the return day quashed by order of the court. The court then ordered the cause to be continued until Monday, December 5, at nine o'clock A. M., and that *alias* summons be issued returnable at that time. Summons was issued as directed, and returned properly served. This summons, as issued and served, was returnable before the county court, but, as subsequently amended, was made returnable before the county judge instead of the county court. Appellant made default, and the question is whether he is affected by the summons thus issued and served—in other words, is it sufficient service?

The application in such cases is directed to be made to the judge of the circuit or county court, either in vacation or term time. (Sec. 1, chap. 47, Rev. Stat. 1874.) And by the 5th section of the same act it is provided: "Causes may be heard by such judges in vacation as well as in term time, but no cause shall be heard earlier than ten days after service upon defendant, or upon due publication against non-residents." Unquestionably, therefore, it was competent for the

judge to hear the cause on the 5th day of December, although not in term time, and appellant, having had summons, notifying him when and where the cause would be heard, served upon him more than ten days before the 5th day of December, had all the notice required either by the letter or the spirit of the act.    It is impossible that he could have been misled.

In *Bowman et al.* v. *Venice and Carondelet Ry. Co.* 101 Ill. 459, we held this proceeding, whether instituted in term time or in vacation, is, in fact, a proceeding in court, and that it is competent, where a proceeding has been commenced in term time, to permit an amended petition to be filed in vacation.    It was said: "Under our statute the circuit and county courts are always open for proceedings of this character.    The object of the legislature in so providing was to obviate delays detrimental to public interests, that often occur in legal proceedings when confined to term time.    The only difference in proceeding in and out of term is, in the latter case the judge must fix a particular day for the hearing, and order a special jury, and when such jury has been summoned, if not subject to challenge on other grounds, it should serve in the trial of the cause; and whether the cause has been commenced in term time or vacation, we see no impropriety in the judge allowing such amendments to be made as are by law allowed," etc.

The summons here issued and served was entirely accurate, and appellant was bound to respond to it if he desired to make any defence, and not having done so, he is concluded by the judgment.    The amendment of the summons should not have been made, but it does no harm, for since we hold that the authority to judges to hear such causes in vacation is but authority to the courts of which they are judges, to do so, it must follow that a summons returnable before a judge in vacation, means before the court of which he is judge.

We see no cause to disturb the judgment below, and it is therefore affirmed.

                                                    *Judgment affirmed.*