121    34
0142   36

[Crim. No. 355.   Department Two.—July 1, 1898.]

THE PEOPLE, Respondent, v. JOHN MILLER, Appellant.

CRIMINAL LAW — HOMICIDE — PURSUIT OF ANOTHER PERSON — CONTINUOUS TRANSACTION.—Where the defendant was accused of a murder committed while he was in pursuit of another person, whom he was attempting to kill, and who had ran into the house where the deceased lived, and the deceased was killed while interrupting such pursuit and because of such interruption, the attempt to kill the person pursued, and the shooting of the deceased, were parts of one continuous transaction.

ID.—EVIDENCE—MOTIVE OF PURSUIT—ARREST AT INSTANCE OF PURSUED PERSON.—For the purpose of showing the motive for such pursuit and attempt to kill the person pursued, the complaint, warrant of arrest, and minutes of the police court in the matter of a charge by such person against the defendant for disturbing the peace are admissible in evidence. Such documents cannot be considered as proving

the commission of another offense or as tending to establish the truth of the charge made, but solely as showing the fact that a criminal charge had been made against him by the person pursued.

ID.—MURDER OF THE FIRST DEGREE—ATTEMPT AT BURGLARY—INSTRUCTIONS. Murder committed in the perpetration of or attempt to perpetrate burglary is murder of the first degree, and entering a house with intent to commit a felony therein is burglary; and, where there is evidence from which the jury might properly find that the defendant went up the steps for the purpose of entering the house where the deceased lived for the purpose of killing another person, it is sufficient to justify a correct instruction upon the subject of murder committed in the attempt to commit burglary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. Carroll Cook, Judge.

The facts are stated in the opinion of the court.

J. N. E. Wilson, for Appellant.

W. F. Fitzgerald, Attorney General, and C. N. Post, Deputy Attorney General, for Respondent.

HAYNES, C.—Appellant was tried upon an information charging him with murder in the first degree committed upon one James Childs. The jury returned a verdict of guilty without imposing a penalty, and he prosecutes this appeal from the judgment of death entered thereon, and from an order denying his motion for a new trial. The errors alleged relate to questions of evidence and the correctness of certain instructions to the jury.

The following outline of the circumstances attending the homicide is essential to a consideration of the questions discussed by counsel for appellant.

The homicide occurred November 18, 1896, on Clementina street in the city of San Francisco. For some time prior to that date, and up to within a few days before the homicide, appellant had as a housekeeper one Mrs. Nellie Ryan, a widow. Whether any other relation existed between them is disputed and not important to be considered.

A few days before the homicide they separated, and on that day Miller went to the house of one Mrs. Burns, with whom both were acquainted, and requested her to send for Nellie

Ryan, saying he had some money and a house in Texas which he wished to give her. Mrs. Burns' sister consented to go, but defendant instructed her not to tell Nellie Ryan that he was there.

Nellie Ryan was sent for and came, and, meeting Mrs. Burns at the foot of the stairs, inquired whether Miller was there, and, being told that he was, remarked, "The dirty hound, I don't want to see him," and started from the house; and as she left Miller came downstairs, passed out on to the street, and immediately began shooting at Nellie Ryan, who ran across the street and a little distance along it, and ran up the steps and into the house in which James Childs lived. The door was open, and Childs was standing near the top of the steps. When she entered the house she cried out for protection, and a brother of the deceased closed the door, but did not lock it. Miller, pursuing Nellie Ryan, went up the steps, and, according to one witness, had "his hand on the handle of the door trying to get in." James Childs put out his arm and took hold of Miller, when the latter immediately turned and shot Childs through the head, causing almost immediate death. As Childs fell down the steps upon the sidewalk Miller again fired at him, but the shot did not take effect. Miller then attempted to shoot himself, but his revolver was empty. Miller and Childs were strangers, and it does not appear that anything was said by either of them. Three or four shots were fired by Miller at Nellie Ryan as she ran, one of them passing through the rim of her hat.

1. Two days before the shooting Nellie Ryan procured a warrant and had Miller arrested on a charge of disturbing the peace, and his trial upon that charge had been postponed for several days.

Upon the trial of Miller upon the charge of murder the prosecution offered in evidence the complaint, warrant of arrest and minutes of the police court in the matter of the charge of disturbing the peace, to which defendant objected, and it is contended that the court erred in admitting the evidence.

The attempt to kill Nellie Ryan and the shooting of Childs were parts of one continuous transaction.

Miller and Childs were strangers, and Childs was killed while

he was in the act of interrupting Miller's pursuit of Nellie Ryan, and the purpose he had in pursuing her must have entered into the purpose with which he shot Childs. If he had not intended to kill her it is not likely that he would have suddenly formed the purpose to kill Childs. The purpose or intention of Miller in the pursuit of the woman was therefore material and important evidence; and while the circumstances under which he sent for her to come to the house of Mrs. Burns, and his pursuit of her, shooting at her as she ran, was clear and sufficient evidence of his intention to kill her, and, therefore, the motive which induced the intention was not necessary to be shown, yet it was not irrelevant, nor was the record incompetent evidence. Motive is important to be shown only where the purpose or intention with which the act was done, or the person by whom it was done, is uncertain or in doubt. It is quite true, as said by counsel for appellant, that the commission of an independent offense is not proof, of itself, of the commission of another and distinct offense. But here there was no attempt to prove the commission of another offense. The evidence was simply that Nellie Ryan had charged him with an offense, and had procured his arrest thereon, and the jury were instructed by the court that these documents could not be considered as in any way establishing or tending to establish the truth of the charge, but solely for the purpose of determining whether a criminal charge had been made against him by Nellie Ryan.

2. It is also contended that the court erred in its instruction to the jury as to the purpose for which said complaint and warrant were admitted. The instruction referred to we have in substance given above.

Counsel does not state wherein the court erred in giving it, and, unaided, we perceive no error in it.

3. It is also contended that the court erred in its charge to the jury upon the subject of burglary, for the reason, as stated by counsel, "that the element of burglary did not enter into this case in any way, and that such instruction could not be otherwise than prejudicial to the defendant."

I think there was evidence from which the jury might properly find that Miller went up the steps for the purpose of entering the house in pursuit of Nellie Ryan for the purpose of kill-

ing her; and entering a house for such purpose is burglary under section 459 of the Penal Code, which provides that every person who enters any house, etc., "with intent to commit grand or petit larceny, or any felony, is guilty of burglary"; and section 189 of the Penal Code makes murder "committed in the perpetration, or attempt to perpetrate arson, rape, robbery, burglary or mayhem," murder of the first degree.

I think it clear that the evidence justified the instruction, and that the instruction is correct, as matter of law, is not questioned.

4. Appellant's last point is that: "The court erred in its instructions to the jury upon the subject of insanity."

No argument is made upon this point, nor are we referred to any part of the instructions upon that subject which is supposed to be erroneous. We have, however, carefully examined the instructions given upon that subject, and, taken together, and as applicable to the evidence, we find no error therein.

The judgment and order appealed from should be affirmed.

Belcher, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFarland, J., Henshaw, J., Temple, J.