[Crim. No. 2750.   First Dist., Div. Two.   Jan. 16, 1952.]

THE PEOPLE, Respondent, v. SHERMAN E. ARNOLD, Appellant.

Alfred J. Hennessy for Appellant.

Edmund G. Brown, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

NOURSE, P. J.—Defendant was tried to a jury on an indictment in two counts charging murder in the second degree for the killing of one Cavness and in the first degree for the killing of one Greenway. Conviction was had on both counts, the jury recommending a life sentence on the second. He appeals from the judgment and the order denying his motion for a new trial.

Appellant does not comply with the rule requiring a statement of the grounds relied on but we may glean from his opening brief that after attacking 12 instructions given or refused, he contends that the evidence is insufficient and that the two verdicts are irreconcilable. On the question of the evidence our statement of the facts herein is sufficient answer. On the question of the difference in the verdicts the undisputed evidence coming from the defendant's own statement is that, after he had shot Cavness in the back of the head, he realized that Greenway would be a material witness against him and thereupon shot the latter to close his lips. Further treatment of this incident will appear in our discussion of the instructions covering the degrees of murder.

The facts are not in material dispute, a large part of the material evidence coming from defendant's statements. It is a sordid story. The defendant was a young man of 26 years,

married, and the father of three children. These he abandoned, sold his home, and pledged the personal belongings of the family to get money to buy narcotics. The victims of the homicide were two Negroes who were engaged in a profitable business of selling narcotics. Defendant was a constant customer of the deceased and a short time before the homicides he was in debt to them in the sum of $114, to secure which he had pledged some of the family assets. At the time of the homicides he had left his family home and was rooming with another party in San Francisco. Prior to the homicides he tried to procure more dope from his victims, but they insisted upon payment of what was then due. He told them he expected his mother to give him a loan and persuaded them to drive him to his new abode to get the expected check. There he went into the house, found no check had come from his mother, procured a .45 automatic pistol from the landlady, slipped one cartridge into the chamber, and placed the gun in his belt. He then went out to the street where the two colored boys were waiting in their Cadillac sedan and told them the money had not arrived. They ordered him to get into the car ''as they wanted to talk the matter over.'' Cavness drove, Greenway sat in the front seat to his right, defendant sat in the rear. ■ They drove to an unlighted area in Duncan Heights where they stopped the car and made repeated demands on defendant for payment, and, according to defendant's testimony, accompanied these demands with threats. The defendant drew his gun, shot Cavness in the back of the head, and then as Greenway turned to look at him, the defendant sensed that he would be a witness to the murder and shot him through the head. Defendant turned off the car lights, took $250 in cash from the pocket of Cavness, and returned to his rooming house where he gave his landlady $40 for the gun he had borrowed from her. He was arrested a few days later sitting in a closed motor vehicle in an unfrequented highway out of Redwood City where he had attempted to commit suicide with the use of a rubber hose attached to the exhaust pipe. With the aid and direction of the defendant the police officers found the gun used in these homicides several yards from the decedents' car partly buried in the ground. There is no contradiction of any of these facts meriting consideration. Its sufficiency to support the charges in the indictment cannot be questioned.

■ Appellant complains of the instruction stating that a murder committed in an attempt to commit robbery is murder

in the first degree. The instruction was clearly appropriate and in accord with the admitted facts. Appellant shot Greenway in order to dispose of an eyewitness and thereupon took from the pocket of Cavness a wallet containing $250. It is a reasonable inference that the appellant, being without funds and in need of another supply of narcotics shot his victims to obtain money for that purpose. In any event the robbery and the murder were one continuous transaction. (*People* v. *Miller*, 121 Cal. 343 [53 P. 816]; *People* v. *Chavez*, 37 Cal.2d 656, 669 [234 P.2d 632].)

He complains of the instruction telling the jury that, under our state law, a narcotic addict is guilty of a felony if he carries a firearm on his person. His argument is that since the gun "was only casually related to the encounter" the instruction tended to abridge his plea of self-defense. How this could be we are not informed since the jury was fully instructed on the self-defense issue.

Criticism is made of two instructions relating to the plea of self-defense. Both instructions might well have been omitted since there was no evidence that, prior to the shooting, defendant had sought a quarrel with either of the deceased with a design to force a deadly issue. However neither instruction was prejudicial since the plea of self-defense was not supported by any credible evidence. The defendant was seated in the automobile behind both of his victims. He was armed with an automatic pistol with one cartridge in the chamber. His victims were not armed. He shot them in the back--though he had ample opportunity to escape if he feared a beating. Other instructions on the same plea were nonprejudicial. But we do not approve of the common practice of copying long and complicated instructions in the charge to the jury just to make the case look big.

There was no evidence justifying the portion of the instructions relating to the defendant's pursuit of his adversaries. But we cannot conceive that the jury was misled by it since the jury was aware of its duty to decide the case on the evidence, and not upon pedantic dissertations on abstract questions of law.

Appellant admitted he had been convicted of a felony in the federal court (sale of narcotics). He had been placed on probation and confined in a hospital in Fort Worth, Texas. He complains now of the portion of an instruction that the fact of such conviction may be used only for the purpose of judging his credibility as a witness. The instruction was **proper.**

Complaint is made of the failure of the trial court to give an instruction "sua sponte" on the subject of confessions. Evidence was given that soon after his arrest appellant told the police that he shot Greenway "because he saw me shoot Cavness." This implied that he shot to dispose of a material witness. Appellant testified in open court that he shot both Cavness and Greenway. His extrajudicial statement of his reason for shooting Greenway was an admission, not a confession, and required no special instruction. (*People* v. *Castello,* 194 Cal. 595, 601 [229 P. 855]; *People* v. *Cryder,* 90 Cal.App.2d 194, 203 [202 P.2d 765].)

The suggestion that the trial court erred in failing to instruct "sua sponte" on the subject of the corpus delicti does not merit discussion.

The asserted inconsistencies in the verdict (murder in the second degree on the first count, and murder in the first degree on the second count) do not add to the comments heretofore made on the same subject, and do not merit further consideration.

The judgment and the order are affirmed.

Goodell, J., and Patterson, J. pro tem., concurred.

A petition for a rehearing was denied January 31, 1952, and appellant's petition for a hearing by the Supreme Court was denied February 14, 1952.