## GRAY v. HAWES et al.

A sale under a void judgment passes no title. If the judgment is merely voidable, the sale is good.

A judgment, void for want of personal jurisdiction, is not cured by the appearance of the party for the purpose of vacating it.

To sustain a personal judgment, the Court must have jurisdiction of the subject-matter, and of the person.

Where the jurisdiction of the Court, as to the *subject-matter,* has been limited by the Constitution or by statute, the consent of parties cannot confer jurisdiction.

But when the limit regards *certain persons, they* may, if competent waive their privilege, and this will give the Court jurisdiction.

The presumption in favor of the judgment of a Court of general jurisdiction, is overthrown when the record of the entire case discloses a want of jurisdiction.

APPEAL from the Superior Court of the City of San Francisco.

This was an action to recover certain premises in the city of San Francisco, in which both parties claimed under David A. Cheever. On the eleventh of October, one thousand eight hundred and fifty, Isaac Norman obtained judgment in the District Court of the Eighth Judicial District, against Cheever and others, and a transcript of the judgment was duly filed in the re-

corder's office of San Francisco county, on the eighteenth day of December, one thousand eight hundred and fifty. Upon this judgment an execution was issued March fourth, one thousand eight hundred and fifty-one, and levied by the sheriff of San Francisco, upon the premises, but the sale was stayed by order of the Eighth District Court. An alias execution was issued twenty-fourth of June, one thousand eight hundred and fifty-one, and the premises sold by the sheriff, and purchased by Norman, from whom, by several mesne conveyances, the plaintiff derives his title. Cheever, on the twenty-third of October, one thousand eight hundred and fifty-two, conveyed the property to Sullivan, from whom the defendant Gavard derives his title.

On the trial in the Court below, the plaintiff introduced a certified copy of the judgment, and also of the execution, the sheriff's return thereon, and the sheriff's deed, duly executed, acknowledged, and recorded. On the part of the defendant, a duly certified copy of the whole record of the proceedings in the Eighth District Court was put in evidence. From this record it appeared that Norman, Ralfe, Pierson, Ruth, and Cheever, entered into a written agreement in February, one thousand eight hundred and fifty, by which Norman bound himself for the construction of a ten-pin alley, for which the other parties were to pay him a specified sum. In September, one thousand eight hundred and fifty, Norman, Ralfe, Pierson, and Ruth, by written agreement, stipulated to submit the matters in dispute between them in regard to the ten-pin alley, to arbitrators, and that when the award should be made, the District Court should render judgment thereon. The award was made, and the District Court rendered the judgment against all the parties, including Cheever. No suit was commenced, and no appearance by the parties defendants, in Court, the judgment having been rendered upon the award of the arbitrators, the submission, and the argument. Afterwards, Cheever, Ralfe, Pierson, and Ruth, moved to set aside the judgment upon various grounds, one of which was, that the Court had not jurisdiction of the persons of the defendants. The motion was overruled. The defendants afterwards appealed to the Supreme Court, in December one thousand eight hundred and fifty-one, and upon the hearing, the judgment was reversed, on the ground that the award was uncertain and incomplete. 2 Cal. Rep., 599.

Defendant had judgment in the Court below. Plaintiff moved for a new trial, which being denied, he appealed.

*G. H. Gray*, Appellant, in person.

The Court below found the judgment of Norman v. Cheever, as against Cheever, to be null and void. This is erroneous, because the record does not show any want of jurisdiction in the District Court.

The judgment itself shows nothing which is out of the jurisdiction of the Court; it is in these words: "Judgment was rendered upon the award of" "arbitrators in the above cause, for" two thousand five hundred and fifty dollars, and is signed by the Judge. If this showed itself to be a decree of divorce, and to be rendered in a Justice's Court; or if it was a decree of discharge to an insolvent in the Superior Court of the city of San Francisco; or if there were any expressions in the judgment which made it evident that no jurisdiction of the defendants was ever obtained; in all these cases, the want of jurisdiction would be evident, and the proceedings would be void. But our judgment is no such judgment; it is all regular on its face, and there is nothing to warn us of danger as *bona fide* purchasers.

There are two kinds of jurisdiction, to wit: jurisdiction of the subject matter, which, having been limited by constitutional or legislative action, can never be waived, or increased or diminished, by agreement or laches of parties. Jurisdiction of the subject-matter can always be determined by inspection of the record of the judgment.

There is also a jurisdiction of the person; objections to which can be made when the defendant is a member of the Legislature, and process is served during the session; or when the defendant resides without the territorial jurisdiction of the Court, or is a citizen of another State, or is a foreign ambassador; or when there is a defect of service of process, or an irregularity in the summons; or when the defendant was not notified of the action in the manner prescribed by statute.

Objections to this kind of jurisdiction must be suggested to the Court, and if the defendant allows the proper time to pass, without insisting on the privilege to object to the jurisdiction of the Court over his person, he must be considered as having waived it. Davis v. Packard, 6 Wend., 333, and authorities cited.

The District Court is a Court of general jurisdiction, and of this there can be no doubt. See Constitution and Statute.

And every presumption is in favor of a Court of general jurisdiction; and if the want of jurisdiction does not appear on the face of the proceedings, jurisdiction must be presumed until the contrary is shown. And this is not our individual *dicta*, but is fully supported by authority.

This Court has adopted this rule in the case of Newland v. Kean, 5 Cal., 105, where it says: "All intendments must be in favor of sustaining the action of the District Court," etc. Also, in Sepulveda v. Chapman, 5 Cal., 174; also, Grewell v. Henderson, January Term, 1857. And this Court is fully sustained in its decision by authorities from other States. As in the case of Foot v. Stevens, 17 Wend., 485, this principle is fully explained.

But even if D. A. Cheever was never served with process, the judgment would not be void, but only, at most, voidable.

All these defendants were engaged as partners under the name of " Ralfe, Pierson & Co." In the worst view of the case, all the partners were before the Court but one, that was D. A. Cheever. And while, in such a case, it is error to enter judgment against Cheever, yet it is only error. And while it is error for one partner to confess judgment against himself and copartner, it is only error, and is only voidable, but not void. And so it has been held that :

" Where service of process is had upon a part only of several defendants, and judgment is against the whole, such judgment is erroneous, not void, and a sale under such a judgment, while un-reversed, is valid to a *bona fide* purchaser, and the title to land so sold passes." Douglass *v.* Massie, 16 Ohio, 271.

The Court had power to enter a judgment in this manner upon the award.

It seems the parties in this case adopted a primitive mode of adjusting their dispute. They referred to their friends and neighbors. This was often done at common law. It was done on a mere verbal statement, before the statute of William III. 3 Blackstone Com., p. 16.

The Court acquired jurisdiction in the case by the consent of parties ; the parties not only consented to arbitrate the matters in dispute, but also consented that either party might carry the award into the District Court, and enter a judgment thereon without further trial or hearing. This is equivalent to a confession of judgment, and fully authorized the Court to enter the judgment under the Practice Act of 1850.

And this opinion is confirmed by this Court, in the case of Gunter *v.* Sanchez, 1 Cal., 48, Bennett, Judge, an action which arose under this same Practice Act of 1850.

Cheever had a right to defend the action on its merits, by the twenty-seventh section of the Practice Act of 1850, which is as follows, to wit : " If the summons shall not be personally served on the defendant, he or his representatives shall (except in actions for divorce,) be allowed to defend after judgment, or at any time within one year after notice thereof, and within three years after its rendition, on such terms as shall be just ; and if the defence be successful, and the judgment or any part thereof, shall have been collected or otherwise enforced, such rendition may thereupon be compelled as the Court shall direct."

The statute clearly contemplated, that in case a judgment, by any accident or otherwise, should be rendered against a party without notice of some sort, or without personal service of the summons ; that the Court wherein such judgment was rendered, should have power to open the judgment within the time limited and for the cause specified—to wit : one year after notice, or

37

three years after rendition, if there has been no notice; but for no other cause except to defend the action. And also that the Court should have the further power, not only to reverse the judgment, but to make all amends, and repair all damages, caused by the rendition of the judgment.

*Sydney V. Smith* for Respondents.

The judgment of Norman *v.* Cheever, entered in the Eighth District Court, on October 11, 1850, and under which appellant claims title, was utterly void, and not voidable.

The appellants say that the jurisdiction of the Eighth District Court must be presumed. If nothing but the judgment and execution had appeared before the Court below, or before this Court, such presumption would exist; but the rule of law is only that it is presumed "until the contrary be shown," and respondents have shown the contrary, by giving in evidence the whole of the proceedings prior to the judgment, and those proceedings show nothing by which the Court acquired jurisdiction, as against Cheever, even if it acquired jurisdiction as against the other defendants.

Now, it cannot well be presumed that the record certified by the clerk, as the whole record, (such certificate made only nine months after the judgment was rendered,) was defective; whether defective or not, the effect of it was to shift the presumption, or burden of proof, over to appellant, and force him to prove that the Court had acquired jurisdiction in some way or other than that which the record of July, 1851, showed.

When the cause in question was before this Court, in 1852, on appeal from this very judgment, (see Pierson et al. *v.* Norman, 2 Cal. R., 599,) the same record came up, and no other, as is shown by the facts reported in that case, with this additional fact, however, which does not appear in the record in this cause, that the agreement to build the ten-pin alley, the agreement to arbitrate, and the award of the arbitrators, were all filed in Court on the very same day that judgment was rendered, viz.: October 11, 1850.

It is under such a judgment alone that defendant founds his right to recover.

Thus, without notice, or opportunity of being heard, without consent, without a day in Court, it is claimed that the title of Cheever can be taken from him. If the other defendants had been part-owners of the property, a different question would arise, but the property belonged to Cheever alone.

The eighth section of article first of the Constitution prescribes that "no person shall be deprived of life, liberty, or property, without due process of law."

Judge Bronson, in Bloom *v.* Burdick, 1 Hill, 139, uses the following language: "It is a cardinal principle, in the administra-

tion of justice, that no man can be condemned, or divested of his right, until he has had the opportunity of being heard. He must, either by serving process, publishing notice, appointing a guardian, or in some other way, be brought into Court; and if judgment is rendered against him before that is done, the proceeding will be as utterly void as though the Court had undertaken to act where the subject-matter was not within its cognizance. This is the rule in regard to all Courts, that the jurisdiction of a superior Court will be presumed until the contrary appears; whereas an inferior Court, and those claiming under its authority, must show it had jurisdiction." " The distinction between superior and inferior Courts is not of much importance, in this particular case, for whenever it appears that there was a want of jurisdiction, the judgment will be void in whatever Court it was rendered."

All the decisions which have been made for the protection of purchasers, were in cases where the Court had jurisdiction, but there was error or irregularity in the proceedings, and even in these cases such protection has only been accorded to *bona fide* purchasers, which the judgment-creditor, such as Norman is in this case, has never been held to be.

In other words, the cases have been where the judgment was a voidable and not a void one. But it has never been held, and never will be, that a purchaser can be protected under a judgment entered by a Court, without notice to defendant of any kind, actual or constructive, and without the opportunity of being heard in his defence.

Thus, in Smith v. The State, 13 Smedes & Marsh., 140, it was held that where the judgment was void, the *bona fide* purchaser took no title.

Admitting that Cheever subsequently appeared in the Eighth District Court, by his counsel, Mr. Swezy, that act did not confer jurisdiction on that Court, so as to make that valid which was before utterly null; the more especially as he appeared there (as is shown by the record) for the express purpose of excepting to the jurisdiction of the Court, on the very ground now taken, viz.: that the judgment had been entered without notice to him, or opportunity of his being heard.

But even supposing that Pierson, Ralfe, and Ruth, were properly in Court, under their agreement to that effect, still, a judgment entered against Cheever with them, did not render the judgment less void as to him.

Thus, in Hulme v. Janes, 6 Texas, 242, (a still stronger case than this,) a suit had been regularly entered against three defendants, two of whom were duly served, but no service was in any manner had against the third. Judgment by default was entered against all three. The Supreme Court not only held the judgment absolutely void, as against the defendant not

served, but also void against the two served, on the ground that it was indivisible in its nature.

The present proceedings were had while the Practice Act of 1850 was in force, and in that law there were no provisions for entry of judgment against all the defendants, on a joint-contract, where all were not served, such as are found in the Practice Act of 1851, section thirty-two, and chapter first of title ten; and even under the latter act, the joint-judgment in such case is only against the joint-property of all, and not against the separate property of the defendant not served.

Respondents do not deem it necessary to follow appellant throughout the course of his argument.

It is all based upon an erroneous hypothesis, namely: that the judgment against Cheever was a voidable, and not a void one.

The judgment being a void one, it was not necessary that Cheever should have noticed it in any way. A void judgment can be attacked at any time, in any proceeding, direct or collateral, and it is not necessary that the power of an Appellate Court should be invoked. This proposition needs no authority to support it.

But Cheever did resort first to the Court below, for its assistance, which was refused, and afterwards to this Court, as before stated, asking it to decide the question of jurisdiction; and that this Court did not then do him the full justice which they would have done him, if they had had all the facts of the case before them, can surely not now be alleged against him, or against his grantee, the respondent Gavard, in this case.

This Court is now asked, in this collateral proceeding, where that judgment is attacked by a *bona fide* purchaser from Cheever, to give such a decision as shall put an end to all questions of adverse title derived under Norman's pretended judgment.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

The only question in the case regards the validity of the judgment under which the premises were sold. If *void*, the sale was invalid, and the sheriff's deed conveyed to the purchaser no title. On the other hand, if the judgment was merely voidable, the sale was valid.

To sustain a *personal* judgment the Court must have jurisdiction of the subject-matter, and of the person. Whitwell *v.* Barbier and others, January, 1857. Where the jurisdiction of the Court as to the *subject-matter* has been limited by the Constitution or the statute, the consent of parties cannot confer jurisdiction. But when the limit regards *certain persons, they* may, if competent, waive their privilege, and this will give the Court jurisdiction. If, however, a party has not been brought into

*Gray v. Hawes.*

Court, and does not of himself come in and waive the necessity of service, the Court has no jurisdiction over him, and the judgment against him is a nullity.

The learned counsel for the plaintiff insists that the District Court was a Court of general jurisdiction; that every presumption is in favor of the proceedings of such Courts; and, unless the want of jurisdiction appears on the face of the record, the judgment must be sustained. This position is, no doubt, correct. The judgment was *prima facie* good. The proof introduced by plaintiff was ample to throw the *onus* upon the defendants. But when they produced the record of the entire case, it presented a new feature. From the record, it did not appear that Cheever ever had any notice of the submission, or of the award, or of the judgment, until he came in *afterwards*, and moved to set aside the same, for the very reason that he had not been properly brought into Court. The fact that he did not join in the submission is a proof that he was ignorant of the whole matter.

When the entire record did not show that Cheever was brought into Court, the proof was sufficient to rebut every presumption in favor of the jurisdiction. The statute provides a way in which parties shall be brought into Court. If that mode is not followed, they cannot be brought into Court in any other way. They may come in voluntarily. The record must then show, either that the party was summoned in the mode provided, or that he appeared in Court. If records or papers are lost, their contents may be proved.

The appearance of Cheever in the Court after the judgment was rendered, and his motion to set it aside, did not cure the fatal defect of a want of jurisdiction. Had the Court set aside the judgment, and permitted him to answer to the merits, a judgment subsequently rendered would have been valid. But the appearance of a party for the *purpose* of objecting to the prior void proceeding, will not cure it. Diedesheimer and others *v.* John Brown, October, 1857.

The authorities referred to, and quoted in the able brief of plaintiff's counsel, do not sustain the judgment. Nor does the fact that the judgment was reversed in this Court upon a ground that would only render the judgment voidable, at all affect the rights of the defendants. There may be several grounds upon which a judgment should be reversed. The reversal upon one ground, does not prove the non-existence of another.

It is unnecessary to express any opinion as to whether the judgment was void, or voidable, as against the other parties. The property sold was the individual property of Cheever, and the judgment being void as against him, the plaintiff's deed conveyed no title.

Judgment affirmed.