No. 2,176.

HARKWELL BATES, Respondent, v. O. C. GAGE, Appellant.

Jurisdiction.—Stipulation.—Waiving Objections to.—A stipulation by the parties to an action waiving all objections to the jurisdiction of the Court in hearing and trying a cause, cannot confer jurisdiction on a District Court to try the cause in one County, on the day when, by operation of law, the Court is adjourned in that County, and its term commenced in another County of the same district.

Appeal from the District Court of the Fifth District, San Joaquin County.

The facts are stated in the opinion.

*W. L. Dudley,* for Appellant.

The Court had no jurisdiction over this case for the purpose of a trial on the 16th day of November, 1868.

There was no Court at the time this trial was had—no legal jury, no legal proceedings of any character whatever. The term expired for San Joaquin County, two days before the trial of this cause. It was tried on the day that the term of the Court commenced in Tuolumne County; and while it is true that the parties, as well as their attorneys, entered into a written stipulation to try the cause on the 16th of November, 1868, and actually appeared, and went through all the forms of a trial, that did not, nor could it give jurisdiction for the very good reason that jurisdiction cannot be conferred by any act or acts of parties to a tribunal, otherwise possessing none. Consent of litigants cannot create a Court. Therefore the stipulation signed by the parties and attorneys in this case, did not authorize the Judge to try the cause at the time the parties appeared before him. (*Hicks* v. *Ludwig,* 9 Cal. 173; *Smith* v. *Chichester,* 1 Id. 409; *Norwood* v. *Kenfield,* 34 Id. 329; *Day* v. *Waggoner,* 3 Texas 515; *Germand* v. *The People,* 1 Hill, 343.)

*J. H. Budd, G. F. Martin, F. T. Baldwin,* and *J. G. Jenkins,* for Respondent.

The attempt has been made in former cases to avoid the effect of stipulation, but without avail. (*Cahoon* v. *Levy,* 10

Cal. 216; *Glosback* v. *Foster*, 11 Id. 37; *Bowen* v. *Hickman*, 29 Id. 460.

It is true that a Court cannot commence a session at any time not authorized by law, but it may continue a session regularly begun after the time for commencing a term in another county, and must continue until the business is finished, or until the time for commencing a term in another county.   We think provision is made for continuing a session after the time for the commencement of a term in another county, from the fact that the Sheriff is authorized to adjourn the Court from day to day, for a week, if the Judge does not appear to preside.   The purpose of this we understand to be that the Court may close any business which is pressing at the session then in progress.

TEMPLE, J., delivered the opinion of the Court:

This cause was tried in the County of San Joaquin on the day the term of Court for the County of Tuolumne—which is in the same district—commenced, as fixed by law.   At the trial the attorneys, apparently having some doubt as to the regularity of the proceeding, entered into a stipulation that "all objections as to the jurisdiction of this Court as to hearing and trying this case at this time; and all objections as to irregularities or informalities in the case as it now stands; and all objections to the trial of this cause this day, are by both the plaintiff and defendant fully and completely waived."   This stipulation was signed by both the attorneys and the parties.   Nevertheless, the appellant makes the objection in this Court, and maintains that he is not bound by the stipulation, because parties could not by their stipulation confer jurisdiction upon a Court, when, in the nature of things, it could acquire no jurisdiction—they could not by their stipulation, make a Court.

This point as to the stipulation is obviously well taken. The Court could not legally be holden on that day in the County of San Joaquin, and the trial was, therefore, not before a Court.   This precise point has been decided several times in this State. *(Smith* v. *Chichester*, 1 Cal. 409; *Dom-*

*ingues* v. *Domingues*, 4 Cal. 186; *Norwood* v. *Kenfield*, 34 Cal. 329.)   On that day the Court was considered in session in the County of Tuolumne, and, in case of the absence of the Judge, was required to be adjourned by the Sheriff from day to day.   The statute directs that each term of the District Court shall be held until its business is fully disposed of, or until the day fixed for the commencement of some other term in the district.   By operation of law the Court was adjourned prior to the trial of this cause, and the parties, by their stipulation, cannot confer jurisdiction.

Judgment and order reversed, and new trial ordered.