CLAUDE N. COMSTOCK V. LYDIA M. ROBERTSON.

.    No. 14,373.    (83 Pac. 1104.)

SYLLABUS BY THE COURT.

ESTOPPEL — *Notice* — *Quitclaim Deed* — *Bona Fide Purchaser*.
Under the facts in this case the plaintiff's grantor was
estopped from asserting any title to the land in controversy
as against the defendant; and the plaintiff, who knew the
facts which estopped his grantor, or had knowledge which
put him upon inquiry and which evidently would have led to
a knowledge of such facts, acquired no title by his quitclaim
deed which he could assert against the defendant.

Error from Clark district court; EDWARD H. MADI-
SON, judge. Opinion filed December 9, 1905. Affirmed.

STATEMENT.

PLAINTIFF in error brought an action in ejectment
to recover certain land in Clark county. The briefs
of plaintiff and defendant indicate that there was no
controversy as to the facts. The land in question was
owned by F. E. Chaddock, who was a non-resident of
the state. Arnold & Carson, a firm of abstracters, of
which C. W. Carson was a member, brought an action
against Chaddock to recover $5.60 for making an ab-
stract, attached this land, recovered judgment on void
service by publication, had the land sold at sheriff's
sale, and C. W. Carson received and receipted for the
amount of the judgment. William Riley was the pur-
chaser at the sheriff's sale, and thereafter he con-
veyed the land to Heffner, and Heffner conveyed the
same to the defendant by a warranty deed.

Subsequently C. W. Carson obtained a quitclaim
deed from Chaddock and wife. Carson then conveyed
the land in question to the plaintiff by a deed called "a
special warranty deed," but which is in fact only a
quitclaim deed.

It is admitted that the sheriff's deed is void, as
shown by the records and files in the office of the

30—72 KAN.

clerk of the district court in the county where the land is located, but there is no direct evidence that the plaintiff had any actual knowledge of the facts shown thereby. It is also admitted that the plaintiff's grantor, Carson, having procured the void judgment and the sheriff's sale, and the confirmation of the sale and isuance of the sheriff's deed thereunder, and having thereafter accepted the proceeds of such sale, was estopped from denying the title of the purchaser and grantees of the purchaser to the land in question. It is not admitted or proved, except by the circumstances, that the plaintiff had actual knowledge of the facts constituting such estoppel. It is claimed that the plaintiff had knowledge of such facts as should have put him upon inquiry, and even directed his attention to a source of information that would have fully apprised him. Of this last proposition the court took the affirmative view and found for the defendant. The correctness of this finding is the only question in the case.

*Francis C. Price,* for plaintiff in error.

*H. J. Bone,* for defendant in error; *J. S. West,* of counsel.

The opinion of the court was delivered by

SMITH, J.: Here is the situation: The plaintiff is about to acquire a quitclaim deed to 160 acres of land for $100—one-half of the government price for preemptive lands. He goes to the office of the register of deeds and traces the title from the United States to F. E. Chaddock. The next entry is of a deed by the sheriff of the county to William Riley of all the interest of F. E. Chaddock in the lands, then a deed from Riley to Heffner, and then one from Heffner to Lydia M. Robertson. Then we imagine he says: "What is this? A deed from F. E. Chaddock and wife to C. W. Carson—the very man that proposes to sell to me! If I cannot prove the contrary, the sheriff's

deed conveyed good title to Riley. (Gen. Stat. 1901, § 4955.) I have a great bargain here if I can get this land, and I will examine further. I see by the sheriff's deed that the sale was had in the case of Arnold & Carson against F. E. Chaddock. Now for the files in the case—why, this man C. W. Carson made the affidavit for attachment and says he is a member of the firm of Arnold & Carson, and this docket shows he got the proceeds of the sale. How about the service of the summons? There was no service, and the affidavit for publication is bad, and the judgment is void. I will just forget I saw anything but the summons returned 'not found' and the worthless affidavit, and I will get this land."

In short, it does not seem possible—considering the identity of the names and the fact that the petition and affidavit for attachment in the case of Arnold & Carson against Chaddock show Carson's relation to the case, and that he was in the public business of abstracting, presumably at the county-seat—that plaintiff could have discovered from an examination that the judgment against Chaddock was void without also discovering that his grantor, C. W. Carson, was estopped from profiting thereby, and that Carson acquired no title from Chaddock which he could assert against the purchaser at the execution sale or against the grantees of such purchaser. If so, the plaintiff is also estopped. The records of the register of deeds' office and of the clerk of the district court put the plaintiff upon inquiry, as did also his deed from Carson; and the very records that suggested the inquiry contained all the information necessary to establish the estoppel, save alone the identity of the C. W. Carson named in the action with the C. W. Carson who was grantor in the deed to plaintiff. Abundant sources of information upon the latter question were also suggested by the papers in the clerk's office, which the tracing of his title compelled him to examine.

It would be futile to cite authorities to sustain the

decision of the court. Without conflict they all support the decision. The law does not permit a man to close his eyes to facts that he cannot otherwise fail to see for the purpose of remaining in ignorance of them, and thus acquiring an unjust advantage. Carson, by his deed from Chaddock, acquired no title to the land as against the defendant, and under the facts of this case the plaintiff, by his quitclaim deed from Carson, acquired no greater rights to the land as against defendant than Carson had.

The judgment of the district court is affirmed.

All the Justices concurring.