[Civ. No. 2106.  Fourth Appellate District.—October 21, 1937.]

LAURA E. NORTHINGTON, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

Karl F. King and Theo. G. Krumm for Petitioner.

Everett A. Corten and Eldon V. Spofford for Respondent Commission.

Carroll S. Bucher and B. E. Pemberton for State Compensation Insurance Fund.

BARNARD, P. J.—This is a petition to review an order of the Industrial Accident Commission.  The petitioner, a nurse in the Patton State Hospital, was attacked by an inmate on October 5, 1933.  She was given medical attention but lost no time and continued working until October, 1935, when she took a vacation followed by two leaves of absence of three months each.  In April, 1936, she retired, receiving a disability allowance.

On August 6, 1936, she filed with the respondent Commission an application for adjustment of claim, in which she alleged that on October 5, 1933, while employed by Department of Institutions, Patton State Hospital, she received an injury "to spine, neck and shoulders resulting in neuritis and arthritis" and that the employer's insurance carrier was "State of California". The Commission set a date for hearing the application and made the State Compensation Insurance Fund a defendant. For convenience, the Department of Institutions, Patton State Hospital, will be referred to as the State Hospital, and the State Compensation Insurance Fund as the Insurance Fund. The State Hospital filed an answer which was signed by an attorney who was regularly employed by the Insurance Fund. While the Insurance Fund was included as one of the defendants in the caption it was alleged that the State Hospital was not insured by the Insurance Fund and the answer was signed by this attorney as "Attorney for the Defendant". After a hearing at which medical and other evidence was received the Commission filed its findings under date of January 19, 1937, in which it found that the petitioner sustained an injury on October 5, 1933, arising out of and in the course of her employment and that said injury caused permanent disability, consisting of an aggravation of arthritis and a moderate neurosis which constituted a permanent disability of 50 per cent. An award was made in favor of this petitioner with an order releasing and discharging the Insurance Fund from liability.

On February 1, 1937, the attorney who had filed the answer for the State Hospital filed a petition for a rehearing which named the State Hospital and the Insurance Fund as defendants in the caption, and was signed by the attorney as "Attorney for Defendants". The petition for rehearing begins "Comes now Defendant State Compensation Insurance Fund", but attacks the findings as not supported by the evidence and sets forth that the evidence shows that while the petitioner claimed to have been injured in her left shoulder, left arm and neck, she now complained of arthritic pains in her right shoulder and in many other parts of her body, that she had had her·tonsils removed some years before the date of the injury and since that time has had them removed again, that she has had her appendix removed, that she had had sinus trouble and a gall-bladder condition for

some years, and that her present condition was due to chronic progressive disease and not to injury. It is asked that, in any event, the Commission apportion the liability and find what proportion was due to injury and what part was due to nonindustrial conditions. No question was raised therein as to the matter of insurance or as to the liability of the Insurance Fund. A copy of the petition for rehearing was sent to this petitioner and to the State Hospital.

This petitioner answered the petition for rehearing, naming both the State Hospital and the Insurance Fund as defendants and making no reference to the fact that the petition had been filed by the last-named defendant alone. This answer denied that the evidence did not support the findings and alleged that soon after the petitioner's injury on October 5, 1933, "a rheumatic and Arthritis condition began" and became steadily worse and finally resulted in her retirement as "*totally* and *permanently* disabled". The prayer was "that defendants' petition be denied, and for such other and further relief as seems equitable in the premises". A copy of this answer was served on the State Hospital, and upon the attorney who had signed the petition for rehearing. On March 12, 1937, an order was made granting the petition for rehearing. A rehearing was held on April 20, 1937, the petitioner and her attorney being present and the State Hospital and the Insurance Fund being represented by an attorney, at which time further evidence, medical and otherwise, was received. On May 17, 1937, an order was entered striking out and annulling the findings and award filed on January 19, 1937, and substituting as the decision after rehearing a new set of findings in which it was found that this petitioner is suffering from an arthritic condition which was not caused and was only temporarily aggravated by said injury, that the injury caused no loss of earnings, and that the effect of temporary aggravation of the arthritis has ceased, and an order that the petitioner take nothing. On June 17, 1937, the present proceeding was instituted.

The petitioner contends that no evidence was received at the second hearing which was contradictory of the evidence upon which the first findings and award were based, and that the evidence is not sufficient to sustain the findings and award made after the rehearing. Assuming that a part of the evidence received at the first hearing sustained the award then

made, there can be no question that portions of that evidence and much of the evidence received at the second hearing amply support the findings finally made. The most that can be said is that there was a conflict in the evidence and the usual rule applies.

The main point here raised is that the respondent Commission was without jurisdiction to grant a rehearing. It is argued that sections 64 and 65 of the Workmen's Compensation Act give the right to apply for a rehearing only to an aggrieved party, that the Insurance Fund was not an aggrieved party, and that a rehearing could, therefore, not be granted. It is further argued that even if the Insurance Fund appeared in a representative capacity for the State Hospital that fact was unknown to this petitioner, that she had a right to rely upon the belief that the State Hospital was satisfied with the award against it and was not contesting the same, and that she waived nothing by appearing merely to defend an application for rehearing on the part of the Insurance Fund, to which it was not entitled.

While the petition for a rehearing was irregular in form it was sufficient to fully advise this petitioner as to the grounds upon which it was asked, as to the issues raised and as to which defendant was necessarily involved in those issues. It disclosed on its face that the rehearing sought was one in the interest of the State Hospital, and the only matters set forth therein affected the rights or liabilities of the Insurance Fund. If it could be held that this petitioner would have had a right to believe that the State Hospital was not contesting the award which had been made, it fully appears from her subsequent action that she did not rely and act upon this belief. She did not question the sufficiency of the petition or raise any issue affecting the Insurance Fund. She made a general appearance by answer, which was served on the State Hospital, combatting those allegations of the petition which were plainly in favor of that institution and restating her own claims against that defendant. In addition, she asked for further relief, setting forth the claim that she had suffered a total disability, whereas the first award had been based upon a 50 per cent disability. She then appeared at the new hearing and put in evidence in her own behalf which could only be material as against the State Hospital.

The petition was accepted as sufficient and acted upon by all parties. A rehearing was granted as to the whole matter and not merely on the question of insurance. Notice was given to all, no objection was made either before the rehearing was granted or at the new hearing, and all parties appeared. The objection now raised for the first time tends to prevent a full hearing and decision on the merits of the case and is opposed to the spirit of the act which was designed to avoid technicalities, in so far as possible, and to afford all parties an opportunity to fully present their evidence to the end that justice may be done. The objection may not be sustained unless it must be held that the Commission acted in excess of its powers and was without jurisdiction to grant a rehearing under such circumstances.

While the Industrial Accident Commission cannot exercise powers outside those named in the act (*Pacific Employers Ins. Co.* v. *French,* 212 Cal. 139 [298 Pac. 23]) the act is to be liberally construed and the Commission is vested with wide powers to ·the end that justice may be done in all cases. (*Great W. P. Co.* v. *Industrial Acc. Com.,* 196 Cal. 593 [238 Pac. 662].) A mere error in procedure is not a ground for annulling an award. (*Walsh* v. *Industrial Acc. Com.,* 1 Cal. (2d) 747 [36 Pac. (2d) 1072].) Sections 64 and 65 of the Workmen's Compensation Act provide for rehearings under certain circumstances. The procedure provided for obtaining a rehearing includes the filing of an application by an aggrieved party, having the application verified and serving notice on other interested parties. In *Mullane* v. *Industrial Acc. Com.,* 118 Cal. App. 283 [5 Pac. (2d) 483], a petition for rehearing was not verified but no objection was made at the time and the party appeared. It was held that verification was waived and that the Commission had jurisdiction to proceed. In *Dalsheim* v. *Industrial Acc. Com.,* 215 Cal. 107 [8 Pac. (2d) 840], where the service required by these sections was not made but where the party appeared it was held that the required service was waived and that the Commission had jurisdiction. Jurisdiction to support a judgment is jurisdiction over the cause and over the parties. (Code Civ. Proc., sec. 1917.) While jurisdiction over the subject-matter cannot be conferred by consent, jurisdiction over the parties may be thus obtained where they waive their privilege and voluntarily appear. In *Harrington* v. *Superior*

*Court,* 194 Cal. 185 [228 Pac. 15], a case involving a proceeding under section 1243 of the Code of Civil Procedure, which section provides that such proceedings ''must be commenced by filing a complaint and issuing a summons'', it was contended that the court had no jurisdiction, since no summons had been issued as required by that statute, although the party had appeared. It was held that the issuance of summons was not necessary to the vesting of jurisdiction, and in considering the question the court said:

''Jurisdiction in any proceeding is conferred by law; that is, by the constitution or by statute. Jurisdiction of the subject-matter cannot be given, enlarged or waived by the parties. It has been held that, 'where the jurisdiction of the court as to the *subject-matter* has been limited by the constitution or the statute the consent of parties cannot confer jurisdiction. But when the limit regards *certain persons, they* may, if competent, waive their privilege, and this will give the court jurisdiction.' (*Gray* v. *Hawes,* 8 Cal. 562, 568. See *Bates* v. *Gage,* 40 Cal. 183.) However, if the court has jurisdiction of the subject-matter, the rule is otherwise, and a party may voluntarily submit himself to the jurisdiction of the court, or may, by failing to seasonably object thereto, waive his right to question jurisdiction over him. Process is waived by a general appearance, in person or by attorney, entered in the action, or by some act equivalent thereto, such as the filing of a pleading in the case or by otherwise recognizing the authority of the court to proceed in the action. (7 R. C. L. 1038 et seq.)

''The issuance and service of summons in the manner provided by statute is the means whereby a court compels the appearance of a defendant before it; it is not a judicial process, and issues as a matter of course upon application to the clerk; that is, it is not regarded as an act requiring an order by the court or judge directed to the clerk. (*Dupuy* v. *Shear,* 29 Cal. 238.) A defendant has a right to demand that process be issued against him in the manner provided by law, but if process is not so issued and he appears generally without making objection, such appearance, being the purpose of the process, confers jurisdiction of the person and the court is empowered to act in the premises.''

The respondent Commission had jurisdiction over the subject-matter with which we are concerned, including the power

to grant rehearings. The provision as to who may file a petition for rehearing is largely a matter of procedure, although it may be said to serve a purpose somewhat similar to process in the ordinary action, by which the opposing party is brought into the proceeding. Not only was there a substantial compliance with the statute here, since the petition for rehearing disclosed its real purpose, but this petitioner appeared generally and even asked for affirmative relief. Having submitted thereto, she may not now question the jurisdiction of the Commission over her, and she must be held to have waived any objection to the manner in which the proceeding had been initiated.

The order is affirmed.

Marks, J., and Jennings, J., concurred.