MILES et al. v. JONES, Adm'x, et al.

No. 32269.    Sept. 24, 1946.

Rehearing Denied Oct. 22, 1946.

Second Petition for Rehearing Denied Nov. 19, 1946.

*173 P. 2d 949.*

W. F. Miles, of Tulsa, in pro. per., for plaintiffs in error.

Amos T. Hall and Eben L. Taylor, both of Tulsa, for defendants in error.

DAVISON, J. In 1925 one Ray Wharton and his wife, Carrie Dixon, then Wharton, purchased a home in Tulsa, Okla. In 1934 the latter obtained in a divorce action a decree purporting to award her said home in which she lived. Thereafter Wharton married a woman by the given name of Nell.

In the spring of 1944 Carrie died intestate leaving as her sole and only heir, her mother, Lydia Jones.

On June 24, 1944, Wharton executed and delivered a quitclaim deed conveying to one W. F. Miles all his right, title, and interest (if any) in the aforementioned home.

On June 30, 1944, Isabelle Jones, administratrix of Carrie Dixon's estate, instituted this action as plaintiff, against the said W. F. Miles, as defendant, to quiet title to said home property as a part of said estate. Others thereafter made parties to the action were Lydia Jones, as an additional plaintiff, and Ray Wharton, as an additional defendant.

The answer to the petition filed in the case consisted of a general denial, with admissions of Isabelle Jones' capacity as administratrix and Lydia Jones' survivorship as the sole and only heir of the deceased. To this answer was added a cross-petition asserting that upon the intestate's death, title to the property in question descended to Ray Wharton, as her surviving husband, and that Miles derived his title thereto by the quitclaim deed above mentioned.

To their reply and answer to defendant's cross-petition plaintiffs attached copies of the summons, petition, and decree in the former divorce action of Carrie Wharton v. Ray Wharton, and in apparent recognition of certain defects therein, pleaded, inter alia, the facts relative to Wharton's remarriage and on the basis of his acts and conduct, asserted defendants were estopped to deny the validity of said divorce.

Later the plaintiff, Isabelle Jones, still acting in her capacity of administratrix, obtained in the former divorce action an order nunc pro tunc correcting or amending the divorce decree by the insertion, among other things, of a specific order dissolving the Wharton marriage. Then plaintiffs attached a copy of this order to amended pleadings they later filed in the present action.

Without the filing of any pleadings pertaining to plaintiffs' plea of estoppel or any denial of the facts upon which it was based, defendants finally filed a motion for judgment on the pleadings. After a hearing on said motion, the trial court rendered judgment on the pleadings in favor of the plaintiffs. From said judgment defendants have perfected this appeal. Our reference to the parties as they appeared in the trial court will hereinafter be continued.

In the second of the three subdivisions under which the argument in defendants' brief appears, it is asserted that the trial court erred in allowing plaintiffs "to file their amended reply with the purported 'nunc pro tunc' order attached" over defendants' objection. We find in the case-made filed herein no authenticated record of any court proceedings or hearing had on the filing of the pleading in question. All that appears therein is an affidavit by defendants' attorney that such hearing was had and such objection made, but no formal ruling or order on such objection appears to have ever been entered. Without regard to whether such an assignment of error can be considered in view of such record, it fails to appear that the pleading thus allegedly objected to sets forth any matters material to the issues involved in a correct judgment on the pleadings as a whole, or that the trial court failed to recognize this in rendering the judgment appealed from herein. Consequently, even though we

were authorized to consider this assignment of error and found it to be a tenable one, it would necessarily be deemed harmless and insufficient as ground for reversing the judgment. Shawnee-Tecumseh Traction Co. v. Wollard, 54 Okla. 432, 153 P. 1189.

The contentions set forth in the other two divisions of defendants' argument are the only ones dealing with the merits of said judgment. In one of these, counsel says that the efficacy of Miles' deed from Ray Wharton depends upon the validity of the divorce Carrie Dixon, then Wharton, had obtained as aforesaid from Miles' grantor, Ray Wharton, and in the other, they make many contentions to demonstrate the invalidity of the divorce decree. As we view this case, none of such argument is conclusive of the decisive questions presented. Whether or not defendants alleged any defense to plaintiffs' action, and consequently they, rather than the plaintiffs, should have prevailed upon consideration of the pleadings, depends not upon the validity of the divorce proceedings for all purposes, but upon the efficacy of plaintiffs' plea of estoppel. Obviously, if defendants are estopped to question or deny the validity of said divorce, its invalidity becomes irrelevant and immaterial.

The only arguments advanced by defendants in refutation of plaintiffs' position that their plea of estoppel is a proper one in situations like the one presented herein are as hereinafter shown.

It is first said that the essential elements of an estoppel do not exist, but in our opinion it is unnecessary herein to find all the elements necessary to an application of the doctrine of estoppel proper or estoppel in the strict sense of the word, as usually applied to ordinary cases of equitable cognizance. The justification for estopping a divorcee from attacking the validity of his divorce in such cases seems to arise from the theory that it would not comport with the principles of justice and fair dealing to

allow him to stand upon the decree and accept its benefits from some purposes, such as remarriage and the termination of his previous marital obligations, and later be heard to take the inconsistent position that for other purposes the decree is a nullity. See authorities cited infra, and 19 Am. Jur. 716 et seq., § 77.

As hereinbefore shown, defendants' pleadings in no manner denied Ray Wharton's marriage with one Nell Wharton (after his purported divorce from Carrie Dixon, formerly Wharton), but admitted that upon Carrie's subsequent death her mother, Lydia Jones, was the sole and only heir to her estate. Such admissions, one tacit and the other express, are obviously inconsistent with defendants' position that the divorce decree was invalid either as an adjudication of Ray Wharton's marital status or his rights in the property in question, and might perhaps subject their argument to summary disposition on the theory of estoppel by pleading as well as upon the theory of estoppel by Wharton's remarriage, were it not for defendants' claim that said decree was void for want of jurisdiction and their argument that said decree being a nullity, one of the necessary factors for the operation of any doctrine of estoppel is absent from the present case.

In support of their position, defendants assert that the decree in Wharton v. Wharton was void for lack of jurisdiction in the court rendering it, not only of Ray Wharton's person, but also of a portion of the purported subject matter of the action, i.e., the rights of the married couple in the property in question. In his argument on the latter point, counsel says that an adjudication of the rights of married persons in property acquired during coverture can only be had as an incident to a dissolution of their marriage, and that since the divorce decree in question contained no specific order effecting such dissolution (in addition to the court's finding therein that said marriage should be dis-

solved) it was a nullity and in no way affected the rights and title of Ray and Carrie Wharton in the property involved. There is no merit to this contention. In this state, the court does not exceed its statutory jurisdiction by settling the property rights of married persons without dissolving their marriage. See Allred v. Allred, 131 Okla. 55, 267 P. 842; Barker v. Barker, 105 Okla. 240, 232 P. 371; Davis v. Davis, 61 Okla. 275, 161 P. 190; Jones v. Jones, 63 Okla. 208, 164 P. 463, L.R.A. 1917E, 921. In this connection notice the discussion in Anderson v. Anderson, 140 Okla. 168, 282 P. 335, 74 A.L.R. 1231, as to the differences in the jurisdiction of the district court in actions for divorce and independent suits for alimony.

Defendants contend that the court, in Wharton v. Wharton, was without jurisdiction to enter a decree vesting title to the property in Carrie Dixon, then Wharton, for the additional reason that her petition therein did not set forth the legal description of said real estate, but referred to it merely as the parties' "home".

Defendants' remaining contention that the decree in Wharton v. Wharton was void for want of jurisdiction over Ray Wharton is based upon an allegedly fatal defect in the process upon which the decree was rendered in default of any appearance or pleading by him. The alleged defect is in the body of the summons, undeniably served upon Wharton and appears upon the face thereof as follows:

"The State of Oklahoma, to the Sheriff of Tulsa County, Greetings: You are hereby commanded to notify Ray Wharton . . . that he has been sued by Carrie Wharton in the *Court of Common Pleas of Tulsa County,* Oklahoma, and that he must answer the petition of said plaintiff filed against him in said court, etc." (Emphasis ours.)

The defendants' contention as to the insufficiency of the description of the parties' home property contained in the petition filed in Wharton v. Wharton, to authorize the court in that case to exercise the usual jurisdiction of a divorce court over such property is untenable, if said court had jurisdiction of the parties to the action. See Ciesler v. Simpson, 187 Okla. 641, 105 P. 2d 227; Goldsmith v. Owens, 180 Okla. 268, 68 P. 2d 849.

For the purpose of determining the effect of the Wharton divorce decree upon the issues in this case, said decree must be treated as if the court rendering it had jurisdiction of Ray Wharton, regardless of the alleged defect in the summons served upon him. If defendants are estopped to urge the decree's invalidity on such ground, such defect is of no consequence. In Cummings v. Huddleston et al., 99 Okla. 195, 226 P. 104, 105, this court said:

" . . . the rule is well and generally settled that one who accepts the benefits and privileges of a divorce decree by a remarriage, even though the decree be void for want of jurisdiction, is estopped from thereafter assailing such decree" (citing numerous authorities).

See, also, Comstock v. Robertson, 72 Kan. 465, 83 P. 1104; 17 Am. Jur. 393, sec. 483; C.J.S. vol. 31, p. 401, § 133, and vol. 27, p. 828, § 173. The rule was incorporated in the syllabus of Green v. James, 147 Okla. 273, 296 P. 743, and has never been departed from in this jurisdiction. While there would seem to be logical reason for limiting application of the rule to cases involving causes of action properly within the statutory jurisdiction of the courts purporting to exercise it, and where the jurisdiction said to be lacking could have been conferred upon the court by act or consent of the parties, such as jurisdiction over their persons (see Am. Jur. vol. 14, pp. 380, 381, § 184; vol. 31, p. 92, § 432, note 13; Woolsey v. Security Trust Co. (C.C.A. 5) 74 Fed. 2d 334; 97 A.L.R. 1081; Stretch v. Murphy, 166 Ore. 557, 112 P. 2d 1018; Northington v. Industrial Accident Commission et al., 23 Cal. A. 2d 255, 72 P. 2d 909; Brown v. State, 219 Ind. 251, 37 N.E. 2d 73, 137 A.L.R. 679; Buchanan v. Buchanan, 170 Va. 458, 197 S.E. 426, 116 A.L.R. 688;

In re Estate of Christensen, 17 Utah, 412, 53 P. 1003, 41 L.R.A. 504), there can be no question about the doctrine's application to a case like Wharton v. Wharton, where the court's lack of jurisdiction over one of the parties is said to result solely from a formal defect in the summons.

In the present case the bar of estoppel by defendant Wharton's remarriage applies alike to the defendant Miles under the rule extending it to persons in privity to the divorcee with knowledge of the facts, because plaintiffs pleaded it against both defendants and the latter have not asserted any difference in the position of the two defendants with reference thereto.

The judgment of the trial court is affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, OSBORN, BAYLESS, and WELCH, JJ., concur.