Merrimack, }
May 4, 1909. }

## STATE *v.* SPIRITUOUS LIQUORS.

There cannot be a decree for forfeiture of liquor kept for sale in violation of law unless the officer acquired possession thereof by legal search and seizure.

Where a warrant orders a search for and seizure of liquor illegally kept for sale, the return is an essential part of the process; and an unsigned inventory of the liquors, filed in court at the time the warrant is returned, is neither a substantial compliance with the command to the officer, nor sufficient evidence of legal seizure to justify his possession of the property.

When justice requires it, a defective return of an officer's proceedings under a search warrant may be amended to show a legal search and seizure.

The solicitor of a county is a proper party to institute proceedings for the forfeiture of liquor kept for sale in violation of law.

Whether a libel for the forfeiture of liquor seized upon a search warrant was filed without unnecessary delay is ordinarily a question determinable by the superior court.

LIBEL, filed April 10, 1908, for the forfeiture of spirituous liquor. Facts found, and case transferred from the April term, 1908, of the superior court, by *Wallace*, C. J.

February 24, 1908, John E. Gay, deputy city marshal of Concord, with other assistants, by virtue of a search warrant issued by Edmund S. Cook, justice of the peace and city solicitor of Concord, charging that Elijah and James A. Jacobs unlawfully kept for sale certain spirituous liquors, searched the premises occupied by them in Concord and seized the liquors in question. The command in the warrant under which the seizure was made was as follows: " We command you, therefore, to take with you suitable assistants, and to suffer no others to be with you, and to search in the daytime the premises described in the annexed complaint, for the purpose of finding said one gallon of spirituous liquor, and the casks, bottles, and vessels containing the same, or used in the sale thereof, and if found, to seize the same, and them safely keep until disposed of according to law, and make return of your proceedings thereon, with an inventory of such things sought as shall be found there, and of such things as, being liable to seizure, have been taken by you and are still in your custody."

The officers made no return of the search and seizure on the original warrant, but made an unsigned inventory of the liquor seized on a separate paper, and returned it to court at the same time the warrant was returned. The return of the warrant was made by J. E. Rand, constable of Concord, who returned that he arrested the said Jacobs, and no other return was made on the warrant. The liquor thus seized was used in evidence in the case against the Jacobs before the police court and before the grand jury, and an indictment was returned against both of them on April 9, 1908.

The libel was dismissed as to James Jacobs. On the foregoing facts it was found that the libel was filed without unnecessary delay, and the motion of Elijah Jacobs to dismiss as to him was denied, subject to exception. He also moved that the libel be dismissed, on the ground that the statute provisions relating to the search, seizure, and forfeiture of personal property have not been complied with in this case, as shown by the facts reported. The motion was denied, and he excepted.

*Thomas F. Clifford*, solicitor, for the state.

*Martin & Howe*, for the claimant.

WALKER, J. The mere fact that an officer has possession of spirituous liquors which were taken from the owner who kept

them for illegal sale does not authorize their condemnation. If they were taken by him by virtue of a search warrant issued upon a complaint that does not allege that they were kept for an illegal purpose, a libel for their forfeiture cannot be sustained (*State* v. *Liquors*, 68 N. H. 47); or if whiskey is seized upon a warrant authorizing a search for lager beer, there can be no forfeiture of the whiskey, although the owner kept it in violation of law. *State* v. *Lager Beer*, 70 N. H. 454. It is essential to the maintenance of a libel in such cases that the seizure be legal. It seems that there can be no decree for a forfeiture of property taken under a search warrant, if the constitutional guaranty against illegal search has been violated. *Hussey* v. *Davis*, 58 N. H. 317. The fundamental inquiry therefore is: Was the search and seizure legal? When the complaint and warrant authorize the seizure, the questions whether the officer acted by virtue of the warrant, and whether what he did thereunder was legal,—in short, whether he acquired possession of the property legally,—are ordinarily determinable in the first instance by the return of his doings upon the warrant. It is as much his duty to make a return as to perform the other commands in the warrant. In the absence of a return of a search and seizure, the presumption is that none was made; and if none was made, it would not appear that the owner had been legally deprived of his property under the warrant, or that the possession of the officer was legal. A return is an essential part of the process. *Poor* v. *Taggart*, 37 N. H. 544; *Clark* v. *Tilton*, 74 N. H. 330, 332.

In this case, the unsigned inventory, filed in court, was not a return, nor was it a substantial compliance with the command in the warrant or with the statute which requires the officer "to make return of his proceedings thereon." P. S., *c.* 251, *s.* 3. His possession of the claimant's property did not appear to be legal. The record furnished no sufficient evidence in justification of his possession. The apparent situation of the property was much the same as it would have been if the warrant had not authorized the search, except that in the latter case the defect could not be obviated, while in the former justice may require that the officer be permitted to make a return in accordance with the fact. In the absence of a return of a search and seizure in accordance with the command in the warrant, no decree ordering the liquors forfeited can be ordered. But by an amendment of the return showing a legal search and seizure of the property, the libel may be maintained. There is no legitimate reason why an amendment of the return may not be made if justice requires it (P. S., *c.* 222, *ss.* 7, 8; *State* v. *Batcheller*, 66 N. H. 145; *State* v. *Collins.* 68 N. H. 46; *Langley* v. *Batchelder*, 69 N. H. 566, 568); and the reported

facts would seem to warrant it. If this is not done, the libel must be dismissed. Carelessness and inattention to duty on the part of officers in serving and returning process are not to be encouraged.

The other objections presented by the claimant must be over-ruled. It is argued that the county solicitor was not the proper person to file the libel, because the justice of the peace who issued the warrant was alone authorized to institute proceedings for a for-feiture under the statute, which provides that " the person making or directing such seizure shall without unnecessary delay file a libel." P. S., c. 258, s. 2. Whatever the duties of the justice may be in the premises, the right to file a libel is not expressly limited to the person who issued the warrant; and no reason is apparent why it should be. The county solicitor, who is specially charged with the enforcement of the liquor laws, would seem to be a proper party to institute such proceedings. Laws 1905, c. 117, s. 3; P. S., c. 112, s. 35. Whether there was an " unnecessary delay " in filing the libel is a question of fact which the superior court has answered in the negative; and it cannot be said as a legal proposition that the finding was not supported by the evidence.

*Case discharged.*

All concurred.