STATE OF MAINE *vs.* INTOXICATING LIQUORS.
Boston & Portland Despatch Express Company, Claimant.

Oxford. Opinion February 29, 1913.

*Allegation. Arrest. Complaint. Fictitious name. Identification. Intoxicating liquors. Legal seizure. Magistrate. Name of person keeping liquors. Person unknown. Search and seizure process. Void. Voidable. Warrant.*

1. In proceedings for the forfeiture of intoxicating liquors seized under a search and seizure process, it is essential to the validity of a complaint and warrant, or indictment, that the party against whom it is issued should be described therein sufficiently so that he may be thereby identified as the person on whom it is to be served. If his name is not known, he must be otherwise sufficiently described.

2. A warrant to arrest a person described fictitiously as John Doe, without any further description or means of identification of the person to be arrested is void.

3. Search and seizure process should strictly follow the express requirements of the statute authorizing it.

4. If there is no legal seizure of the liquors in question, then there can be no judgment of forfeiture.

On exceptions by the claimant. Exceptions sustained.

On the 29th day of May, A. D. 1912, L. L. Niles made complaint to the Rumford Falls Municipal Court that intoxicating liquors were on said day unlawfully kept and deposited by John Doe, of Roxbury, in the county of Oxford, in the Maine Central freight station, situated at Frye station, and that said liquors were intended for sale by said John Doe in violation of law. That in accordance with said complaint, a warrant to search the described premises was issued by the Judge of the said Rumford Falls Municipal Court. That upon said warrant certain described intoxicating liquors were seized in the premises described and the usual proceedings had. The Boston and Portland Despatch Express Company, on the 24th day of June, 1912, filed in said court a claim for said liquors. Upon a hearing in said court, the Judge thereof determined that said liquors were forfeited, from which judgment the said claimant appealed to the Supreme Judicial Court for said county. In the Supreme Judicial Court, the presiding Justice found as a fact that said liquors were intoxicating and were intended for illegal sale, and ruled pro forma that said liquors should be declared forfeited. To this ruling the claimant excepted.

The case is stated in the opinion.

*R. T. Parker,* county attorney, for State.

*Wm. C. Eaton,* for claimant.

SITTING: WHITEHOUSE, C. J., CORNISH, KING, BIRD, HANSON, JJ.

KING, J. Proceedings for the forfeiture of intoxicating liquors seized under a search and seizure process. The Boston and Portland Despatch Express Company appeared as claimant of the liquors, and contended, (1) that the complaint and warrant under which they were seized did not conform to the express requirements

of the statute, and were accordingly illegal, and (2) that the liquors were in transit as interstate commerce.

Section 49, C. 29, Revised Statutes provides:

"If any person competent to be a witness in civil suits, makes sworn complaint before any judge of a municipal or police court or trial justice, that he believes that intoxicating liquors are unlawfully kept or deposited in any place in the state by any person, and that the same are intended for sale within the state in violation of law, such magistrate shall issue his warrant, directed to any officer having power to serve criminal process, commanding him to search the premises described and specially designated in such complaint and warrant, and if said liquors are there found, to seize the same, with the vessels in which they are contained, and them safely keep until final action thereon, and make immediate return on said warrant. The name of the person so keeping said liquors as aforesaid, if known to the complainant, shall be stated in such complaint, and the officer shall be commanded by said warrant, if he finds said liquors to arrest said person and hold him to answer as keeping said liquors intended for unlawful sale.    .    .    .    If the name of the person keeping such liquors is unknown to the complainant, he shall so allege in his complaint, and the magistrate shall thereupon issue his warrant as provided in the first sentence of this section." Etc.

The claimant contends that the statutory requirments, that the name of the person keeping the liquors "if known to the complainant shall be stated in such complaint," and if not known to him that "he shall so allege in his complaint," were not complied with in this case, and, therefore, that the seizure was illegal and void.

In the complaint the name *John Doe* is stated as the person keeping the liquors, and the warrant commands the arrest of said John Doe if liquors are there found. It is not contended in behalf of the state that the name John Doe was stated in the complaint and warrant as designating any real person.

It is essential to the validity of a complaint and warrant, or indictment, that the party against whom it is issued should be described therein sufficiently so that he may be thereby indentified as the person on whom it is to be served. If his name is not known he must be otherwise sufficiently described. And when a precept

contains a sufficient description of the real person against whom it is issued, the fact that he is also referred to therein by a fictitious name, or that his name is stated to be unknown, is harmless. But a warrant to arrest a person described fictitiously as John Doe, without any further description or means of identification of the person to be arrested, is void. *Commonwealth* v. *Crotty* et als., 10 Allen, 403. Unless there is some description or other means of identification contained in the warrant it would be as applicable to one person as to another.

The complainant testified that he did not know by whom the liquors were kept. This, then, is not a case where the fictitious name was intended to designate a real person whose name was unknown. The name John Doe was not intended to stand for the name of anyone. It was used as a mere fiction. And there was no other description or means of identification of a real person, as the keeper of the liquors, contained in the complaint and warrant. Although the warrant contained a command to arrest John Doe no one could have been arrested thereon. We do not perceive wherein the effect of the complaint with the name John Doe therein is different from what it would have been if no keeper's name had been inserted therein. It must be conceded that the name of the person keeping the liquor was not stated in this complaint; moreover, according to the evidence of the State, it was not known to the complainant.

But the statute expressly declares that "if the name of the person keeping the liquors is unknown to the complainant he shall so allege in his complaint, and the magistrate shall thereupon issue his warrant." Etc. This provision of the statute was not complied with. The statement of a fictitious name is not the equivalent of an allegation under oath that the real name of the keeper of the liquors is unknown to the complainant.

The search and seizure process should strictly follow the express requirements of the statute authorizing it. "It has been repeatedly held by this court, and in this class of cases, that a failure to follow the requirements of the statute renders the warrant not merely voidable, but absolutely void." *State* v. *Whalen,* 85 Maine, 467, 472, and cases cited.

If there was no legal seizure, then there could be no judgment of forfeiture. "The very foundation of the judgment of forfeiture is a legal seizure, until this is had no further proceedings are authorized." *Guptill* v. *Richardson,* 62 Maine, 257, 265. *State* v. *Riley,* 86 Maine, 144, 146. See *State* v. *Intox. Liquors,* (Iowa) 20 N. W., 445.

In the case at bar the court is of the opinion that the liquors in question were not legally seized because the complaint and warrant did not conform to the express requirements of the statute authorizing the search and seizure process. Accordingly the exceptions must be sustained.

This conclusion renders a consideration of the other contention of the defendant unnecessary.

*Exceptions sustained.*