## STATE OF MAINE

*vs.*

## FORD TOURING CAR No. 1440316,

### John Karakus, Claimant and Appellant.

Oxford.    Opinion March 30, 1918.

*Intoxicating Liquors. Necessary allegations in a complaint for the offense of keeping or depositing intoxicating liquors. Necessity of a legal seizure to have jurisdiction in a proceeding in rem. Rule where an offense is created by statute and there is an exception in the enacting clause as to setting out the exception.*

A preceeding in rem against an automobile under Chap. 294, of the Public Laws of 1917.

The complaint upon which was issued the warrant by virtue of which the seizure of the car was made alleged that "at said Rumford intoxicating liquors were unlawfully kept, deposited and transported by one John Karakus in a certain . . . Ford Touring Car owned and driven by said Karakus on the public way in said Rumford;"

*Held:* That the complaint cannot be held to charge the offense of keeping and depositing intoxicating liquors, as there is no allegation of the place at which kept and deposited, nor to charge the offense of illegal transportation, the word "knowingly" being wholly omitted, and

That no valid warrant can be issued upon it.

When an offense is created by statute and there is an exception in the enacting clause, the indictment or complaint must negative the exception and so a libel in rem under such statute.

Libels, and monitions, are of a criminal nature and the rules applicable to criminal cases apply.

A legal seizure is essential to jurisdiction of a proceeding in rem by libel for the forfeiture of intoxicating liquors, containing vessels, and, under Chap. 294, Public Laws, 1917, of vehicles engaged in transporting them.

Proceedings under Public Laws, 1917, Chap. 294, in re seizure of an automobile claimed to be illegally transporting intoxicating liquors. Claim for automobile was duly filed in Municipal Court and appeal entered to Supreme Judicial Court, at which term the case was reported to the Law Court for determination of all questions presented. Judgment in accordance with opinion.

Case stated in opinion.

*Frederick R. Dyer,* for the State of Maine.

*Aretas E. Stearns, and James B. Stevenson,* for defendant.

SITTING: CORNISH, C. J., SPEAR, BIRD, HANSON, PHILBROOK, JJ.

BIRD, J.   This case is reported for the determination of this court upon an agreed statement of facts of which the complaint and warrant, the officer's return thereon, and the libel and monition are made part.

From the agreed statement of facts, it appears that on the seventh day of September, 1917, a deputy of the Sheriff of Oxford, without warrant, seized at Rumford, a Ford Automobile, described substantially as in the title of this case, belonging to one John Karakus of Rumford, and also certain intoxicating liquors belonging to other parties.   On the following day the deputy made complaint before a magistrate and procured a warrant upon which he made return that he had seized an automobile described substantially as above and as in the complaint.   No arrest was made upon the warrant nor any return of the seizure of liquors.   On the same day the deputy filed his libel with the magistrate issuing the complaint on which the latter

issued a monition on the return day of which Karakus appeared and filed his claim, as owner, for the automobile alleging therein, among other things, that it was seized and taken into possession by the deputy without proper warrant issued from any court of competent jurisdiction and without lawful authority and has been held by said deputy "and is now in his possession without any authority, right or claim."

Upon hearing the magistrate decreed the forfeiture of the automobile and the claimant appealed, claiming that the complaint, warrant and libel are defective and insufficient in law, because the complaint alleges that intoxicating liquors were kept, deposited and transported by John Karakus; because in neither complaint nor libel is it alleged that John Karakus was not at the time of the seizure of said automobile a common carrier and that said automobile was not then and there being used in the business of a common carrier; because the libel does not allege that at the time of seizure the automobile contained intoxicating liquors intended for illegal sale in this State and because the libel, if otherwise sufficient in form and substance, is void, because founded "upon a complaint and warrant which are defective and insufficient in law."

It is agreed in the statement of the parties that this proceeding in rem is instituted under Chap. 294 of the Public Laws of 1917, the part of which here material is as follows: "All automobiles, trucks, wagons, boats or vessels, and vehicles of every kind, not common carriers, containing intoxicating liquors intended for illegal sale within the state, found within the state in the possession or in the control of any person using them for the transportation of intoxicating liquors intended for illegal sale within the state, shall be seized by any officer seizing the liquors transported therein, shall be libeled as is provided for the libeling of intoxicating liquors and the vessels in which they are contained under chapter one hundred and twenty-seven of the revised statutes, and shall be declared forfeited by the court and sold in the same manner as is provided for the sale of vessels containing intoxicating liquors."

Evidently this provision of statute is in aid of R. S., Chap. 127, Sec. 20 (amended Chap. 291, Sec. 2, Public Laws 1917) forbidding the transportation knowingly from place to place in the State of intoxicating liquors intended for unlawful sale within the State.

The complaint alleges that "at said Rumford in said County intoxicating liquors were unlawfully kept, deposited, and transported by John Karakus in a certain. . . . Ford Touring Car numbered 1,440,316, owned and driven by said John Karakus, on the public way in said Rumford. . . ." The complaint cannot be held to charge the offense of keeping and depositing intoxicating liquors under R. S., Chap. 127, Sec. 27, as there is no allegation of the place at which kept and deposited; State v. Roach, 74 Maine, 562, 563; nor yet to charge the offense of illegal transportation, the word "knowingly" used in the Statute being wholly omitted. State v. McDonough, 84 Maine, 488, 489. In either case, no valid warrant could issue upon it. There is still a further defect, if it be necessary to seek others. There is no allegation in the complaint that the person using the automobile for the transportation of intoxicating liquors, was not a common carrier. The exception being in the enacting clause of the statute, and not introduced as a proviso, it must be negatived in that part of the complaint which makes the automobile a subject of seizure. State v. Godfrey, 24 Maine, 232, 234, 235; State v. Turnbull, 78 Maine, 392, 395, 396; State v. Damon, 97 Maine, 323, 325. The libel should contain the same negative allegation. It, and the monition, are of a criminal nature and the rules applicable to criminal cases apply. State v. Intoxicating Liquors, 80 Maine, 91, 93. "No rule of criminal pleading is better established than that proceedings before magistrates, being courts of limited jurisdiction, must show upon their face that the magistrate has jurisdiction of the cause." State v. Intoxicating Liquors, supra; See State v. Whalen, 85 Maine, 469, 472. A legal seizure is essential to jurisdiction of a proceeding in rem by libel for the forfeiture of intoxicating liquors, containing vessels, and, under Chap. 294, Public Laws 1917, of vehicles; see R. S., Chap. 127, Sec. 30; State v. Intoxicating Liquors, 110 Maine, 260, 263, 264. There must be, therefore, in accordance with the stipulation of the parties, an entry dismissing the libel and for a return.

*Libel dismissed.*
*Automobile ordered returned*
*to claimant.*