[Sac. No. 3613.   In Bank.—July 30, 1924.]

## CHARLES W. HARRINGTON, Petitioner, v. SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE COUNTY OF PLACER et al., Respondents.

[1] JURISDICTION—DEFINITION.—The word "jurisdiction" (*jus dicere*) is a term of large and comprehensive import, and embraces every kind of judicial action, and hence every movement by a court is necessarily the exercise of jurisdiction. In the sense, however, in which the term ordinarily is used, jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case.

[2] ID.—ACQUIRING OF JURISDICTION—CONSENT—WAIVER.—Jurisdiction in any proceeding is conferred by law; that is, by the constitution or by statute; and jurisdiction of the subject matter cannot be given, enlarged, or waived by the parties; but jurisdiction of the person may be waived by the party, if competent.

[3] ID.—SERVICE OF PROCESS—WAIVER—MANNER OF.—Process is waived by a general appearance, in person or by attorney, entered in the action, or by some act equivalent thereto, such as the filing of a pleading in the case or by otherwise recognizing the authority of the court to proceed in the action.

[4] ID.—SUMMONS—APPEARANCE.—The issuance and service of summons in the manner provided by statute is the means whereby a court compels the appearance of the defendant before it; it is not a judicial process, and issues as a matter of course on application to the clerk; that is, it is not regarded as an act requiring an order by the court or a judge directed to the clerk.

[5] ID.—JURISDICTION OF PERSON—VOLUNTARY APPEARANCE.—A defendant has a right to demand that process be issued against him in the manner provided by law, but if process is not so issued and he appears generally without making objection, such appearance, being the purpose of the process, confers jurisdiction of the person, and the court is empowered to act in the premises.

[6] ID.—CONDEMNATION OF LAND—PROCEEDINGS IN REM—APPEARANCE OF PARTIES.—Condemnation proceedings have been described as proceedings *in rem*, and jurisdiction, therefore, *does not depend*

1.  See 7 Cal. Jur. 584; 7 R. C. L. 1029.
2.  See 7 R. C. L. 1039.
3.  See 3 Cal. Jur. 14; 2 R. C. L. 335.
5.  See 3 Cal. Jur. 15.
6.  See 10 Cal. Jur. 391.

upon the disclosed identity of the parties defendant, but on the subject matter and an opportunity to be heard in the exercise of due process on the most effective notice possible; and in this state such proceedings are in the nature of actions *in rem*, for all persons interested in the property described in the complaint, though not named therein, may appear and defend.

[7] CONDEMNATION OF LAND — STATUTORY PROCEEDING. — The proceeding to condemn land for a public use is special and statutory and the prescribed method in such cases must be strictly pursued.

[8] ID. — VESTING OF JURISDICTION — ISSUANCE OF SUMMONS. — While the statutes of this state provide that a proceeding in condemnation must be commenced by filing a complaint and issuing a summons, the issuance of the summons is not necessary to the vesting of jurisdiction of the subject matter, and if the defendant voluntarily appears in the action, issuance of summons is unnecessary.

[9] ID.—FIXING OF DAMAGES—TIME FOR—APPEARANCE OF DEFENDANT. In an action for condemnation of land, where no summons is issued, but the defendant voluntarily appears therein, the date for assessing the value of the land is the date of the appearance of the defendant in the action.

7.  See 10 Cal. Jur. 377.
9.  See 10 R. C. L. 214.

(1) 15 C. J., pp. 723, 725, 729, secs. 13, 25.   (2) 15 C. J., pp. 730, 802, 804, 808, secs. 27, 101, 104.   (3) 4 C. J., pp. 1333, 1322, 1335, 1348, secs. 11, 27, 28, 39.   (4) 34 C. J., p. 1185, sec. 25; 32 Cyc., p. 426.   (5) 4 C. J., p. 1356, sec. 44.   (6) 20 C. J., pp. 874, 924, secs. 300, 338,   (7) 20 C. J., p. 881, sec. 310.   (8) 4 C. J., pp. 1353, 943, secs. 43, 355.   (9) 20 C. J., p. 944, sec. 355 (1926 Anno.).

APPLICATION for a Writ of Prohibition restraining the defendant from further proceeding in an action to condemn land for a state highway.   Writ denied.

The facts are stated in the opinion of the court.

W. J. Burns and Fred C. Peterson for Petitioner.

Orrin J. Lowell for Respondents.

LAWLOR, J.—This is an application for a writ of prohibition to prohibit the superior court of the state of California, in and for the county of Placer, and Honorable W. I. Redding, judge thereof, from proceeding further in that certain action to condemn land for the state highway,

wherein the said county is plaintiff and Charles W. Harrington et al., are defendants. On December 21, 1923, an application for a writ of prohibition was filed in the district court of appeal for the third appellate district, which was denied without hearing or opinion. A petition for hearing herein was, on February 18, 1924, interposed and granted and an alternative writ of prohibition ordered to issue.

On July 17, 1922, the county of Placer filed its complaint, by which ten separate parcels of land out of a larger body of land owned by petitioner were sought to be condemned for public use as a highway. No application for the issuance of summons was made at the time of the filing of the petition, and it does not appear that a summons was ever issued. A paper dated September 20, 1923, and filed on December 8, 1923, was executed on behalf of the said Charles W. Harrington, the defendant. It reads as follows:

"Comes now defendant Charles W. Harrington and makes his appearance in the above-entitled matter, and reserves unto himself ten days from the date hereof in which to demur or answer to the complaint on file herein."

On October 1, 1923, the defendant, petitioner herein, demurred to the complaint. On the same day a stipulation was entered into by the parties for the purpose of attaching to the complaint a map which had been inadvertently omitted and excluding from the operation of the condemnation suit a triangular piece of ground upon which a septic tank was located. Furthermore, it was "stipulated that the complaint as so altered constitutes the complaint as to which defendant Charles W. Harrington accepted service, and appearing on the 20th day of September, 1923, and that all matters and pleadings subsequent to said date be construed and interpreted as to said complaint so altered."

On November 21, 1923, the demurrer was overruled and the following order made by the court:

"It is therefore ordered that the plaintiff take immediate possession and use of the property sought to be condemned, and that the sum of $500.00 be, and is hereby fixed as the amount reasonably adequate to secure to the owners of the property sought to be condemned immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudication that there is no necessity for taking the prop-

erty, as soon as the same can be ascertained; and that such possession be taken upon deposit by said plaintiff with the clerk of this court of said sum of $500.00.''

On December 3, 1923, the petitioner gave notice of motion for December 8, 1923, and on the latter date the motion was made in the superior court for an order vacating and setting aside all proceedings in said suit, including the making of the above order, upon the ground the court had no jurisdiction to hear or determine any of the issues. It is specified that no summons had been issued upon the filing of said complaint, and that under the wording and meaning of section 1243 of the Code of Civil Procedure said action had never been commenced, and hence the court had no jurisdiction over the person of petitioner or the subject matter. The superior court thereupon denied said motion by an order filed on January 3, 1924. On February 11, 1924, petitioner was given ten days to answer the complaint after the final determination by the supreme court of the pending petition for a writ of prohibition.

The precise question presented is whether the court acquired jurisdiction to act.

[1] ''The word 'jurisdiction' (*jus dicere*) is a term of large and comprehensive import, and embraces every kind of judicial action, and hence every movement by a court is necessarily the exercise of jurisdiction. In the sense, however, in which the term ordinarily is used jurisdiction may be concisely stated to be the right to adjudicate concerning the subject matter in a given case.'' (7 R. C. L. 1029.)

[2] Jurisdiction in any proceeding is conferred by law; that is, by the constitution or by statute. Jurisdiction of the subject matter cannot be given, enlarged or waived by the parties. It has been held that, ''where the jurisdiction of the court as to the *subject matter* has been limited by the constitution or the statute the consent of parties cannot confer jurisdiction. But when the limit regards *certain persons, they* may, if competent, waive their privilege, and this will give the court jurisdiction.'' (*Gray* v. *Hawes,* 8 Cal. 562, 568. See *Bates* v. *Gage,* 40 Cal. 183.) However, if the court has jurisdiction of the subject matter, the rule is otherwise, and a party may voluntarily submit himself to the jurisdiction of the court, or may, by failing to seasonably object thereto, waive his right to question jurisdiction

over him.   [3]   Process is waived by a general appearance, in person or by attorney, entered in the action, or by some act equivalent thereto, such as the filing of a pleading in the case or by otherwise recognizing the authority of the court to proceed in the action.   (7 R. C. L. 1038 et seq.)   [4]   The issuance and service of summons in the manner provided by statute is the means whereby a court compels the appearance of a defendant before it; it is not a judicial process, and issues as a matter of course upon application to the clerk; that is, it is not regarded as an act requiring an order by the court or judge directed to the clerk (*Dupuy* v. *Shear,* 29 Cal. 238.)   [5]   A defendant has a right to demand that process be issued against him in the manner provided by law, but if process is not so issued and he appears generally without making objection, such appearance, being the purpose of the process, confers jurisdiction of the person and the court is empowered to act in the premises.

[6]   Condemnation proceedings have been described as proceedings *in rem,* and jurisdiction, therefore, does not depend on the disclosed identity of the parties defendant, but on the subject matter and an opportunity to be heard in the exercise of due process on the most effective notice possible.   (20 C. J. 916.)   In this state condemnation proceedings are in the nature of actions *in rem,* for all persons interested in the property described in the complaint, though not named therein, may appear and defend.   (Code Civ. Proc., sec. 1246.)   It has been held that, "Upon the presentation of a petition to the District Court, in accordance with the provisions of the statute, showing a right on the part of the petitioner to acquire the land therein described, under the law of eminent domain, and invoking the action of the court in the premises, the court has jurisdiction of the subject matter of the proceeding.   There is then only wanting to complete jurisdiction in the condemnation proceedings, that, by the means prescribed by statute or otherwise, the parties whose interests are involved should be brought within the jurisdiction of the court.   The provisions of the statute relating to the service of notice of the time and place when the petition will be presented to the court for its action, are designed only for the purpose of investing the court with jurisdiction over the persons in-

terested in the proceeding. Defects with respect to the
jurisdiction over the person may be waived, and, when
waived cannot afterwards be questioned. Any distinct recog-
nition by a party, in the progress of a cause, of the au-
thority of a tribunal to adjudicate therein, is effectual as
a waiver of defects going merely to the jurisdiction of
the person." (Syllabus, *Rheiner* v. *Union Depot etc. Co.,*
31 Minn. 289 [17 N. W. 623]. See, also, 7 Ency. Pl. & Pr.
478, and note.) The state of Illinois as well as this state
is generally referred to as a jurisdiction in which proceed-
ings to condemn lands are instituted by the issuing of a
summons, under statutes prescribing the giving of notice in
that form. (*County of Yolo* v. *Knight,* 70 Cal. 431 [11
Pac. 662]; *Pacific Coast Ry. Co.* v. *Porter,* 74 Cal. 261 [15
Pac. 774]; *Leibengut* v. *Louisville etc. R. Co.,* 103 Ill. 431;
*Hercules Iron Works* v. *Elgin etc. R. Co.,* 141 Ill. 491 [30
N. E. 1050]; 7 Ency. Pl. & Pr. 478.) In *Skinner* v. *Lake
View Av. Co.,* 57 Ill. 151, it was contended that the court
had no jurisdiction of the subject matter. The court said:
"The filing of the petition and the appearance of the parties
in interest dispensed with the notice required to be given,
of the time and place of hearing. Consent, then, gave juris-
diction of the persons, but not of the subject matter of
litigation. Jurisdiction of the latter was obtained by a
compliance with sec. 9 of the act of 1859, by presenting the
petition, properly describing the lands, and praying for the
appointment of appraisers to assess the damages. The ser-
vice of notice was wholly unnecessary after the appearance
of the parties." In *Bowman* v. *Venice & Carondelet R. Co.,*
102 Ill. 472, a petition to condemn land was presented in
vacation time and service was had upon the land owner,
but not ten days before the day set by the judge for the
hearing of the petition as was required by the statute. It
was held that the service was not in time for the purposes of
a trial, but it gave the court jurisdiction of the person of
the defendant, and the petition having given jurisdiction
of the subject matter, the court had power to continue the
case.

We may now examine the law of this state with reference
to jurisdiction in condemnation proceedings. No authority
has been found dissenting from the general doctrine recog-
nized in the cases we have cited in condemnation proceed-

ings that while jurisdiction over the subject matter cannot
be conferred by the consent of the parties, jurisdiction over
the person may be acquired by service of process, by consent,
by general appearance, or by waiver through a failure to
seasonably object.

[7]   The proceeding to condemn land for a public use
is special and statutory and the prescribed method in such
cases must be strictly pursued. (*California Pac. R. Co.* v.
*Central Pac. R. Co.*, 47 Cal. 549; *McCarty* v. *Southern Pac.
R. Co.*, 148 Cal. 211 [82 Pac. 615].)   The law of eminent
domain in this state is prescribed by part III, title VII,
of the Code of Civil Procedure, embracing sections 1237 to
1264, inclusive.   Section 1243 declares that the jurisdiction
in proceedings under title VII must be commenced in the
superior court by filing a complaint and issuing the sum-
mons.   Section 1244 provides what the complaint shall con-
tain: "1. The name of the corporation, association, commis-
sion, or person in charge of the public use for which the
property is sought, who must be styled plaintiff.   2. The
names of all owners and claimants of the property, if known,
or a statement that they are unknown, who must be styled
defendants.   3. A statement of the right of the plaintiff.
4. If a right of way be sought, the complaint must show
the location, general route, and termini, and must be ac-
companied with a map thereof, so far as the same is in-
volved in the action or proceeding.   5. A description of each
piece of land, or other property or interest in or to prop-
erty, sought to be taken, and whether the same includes the
whole or only a part of an entire parcel or tract or piece
of property, or interest in or to property.   All parcels of
land, or other property or interest in or to property, lying
in the county, and required for the same public use, may
be included in the same or separate proceedings, at the
option of the plaintiff, but the court may consolidate or sepa-
rate them to suit the convenience of the parties. . . . "
Section 1245 is as follows: "The clerk must issue a sum-
mons, which must contain the names of the parties, a general
description of the whole property, a statement of the public
use for which it is sought, and a reference to the complaint
for descriptions of the respective parcels, and a notice to
the defendants to appear and show cause why the property
described should not be condemned as prayed for in the

complaint. In all other particulars it must be in the form
of a summons in civil actions, and must be served in like
manner." Section 1249 declares: "For the purpose of assess-
ing compensation and damages the right thereof shall be
deemed to have accrued at the date of the issuance of sum-
mons and its actual value at that date shall be the measure
of compensation for all property to be actually taken, and
the basis of damages to property not actually taken but in-
juriously affected, in all cases where such damages are
allowed as provided in section 1248; provided, that in any
case in which the issue is not tried within one year after
the date of the commencement of the action, unless the delay
is caused by the defendant, the compensation and dam-
ages shall be deemed to have accrued at the date of the
trial."

[8] From the foregoing it appears that differing from
an ordinary action (sec. 405, Code Civ. Proc.) it is pre-
scribed that a proceeding in condemnation must be com-
menced by filing a complaint and issuing a summons. The
question to be first decided is whether the requirement of sec-
tion 1243, that a summons be issued, is necessary to the vest-
ing of jurisdiction of the subject matter. In other words, is
the court without jurisdiction to act at all if the summons is
not issued, or is the requirement to be confined, as in other
forms of action, to jurisdiction over the person? If the
alternative is to be accepted, then the court had complete
jurisdiction of the subject matter by the filing of the com-
plaint and over the person by the appearance of petitioner.
At common law process was necessary before jurisdiction
of the subject matter attached, but since the whole system
of common-law writs is abolished and only one form of
action is now permitted, the issuance of the writ does not
determine jurisdiction; it is the filing of the complaint.
We think it clear from the context of the statute and the
purpose to be served by the issuance of summons it was not
intended that if the defendant appeared the issuance of
the summons would be necessary to the vesting of jurisdiction,
but that the only purpose of the requirement, besides provid-
ing a mode for the giving of notice, is to fix the date at
which the value of the land is to be assessed (sec. 1249).
The complaint is required to contain all and more than is
requisite to the summons, and under section 1245 the com-

plaint must be referred to in the summons for descriptions of the respective parcels of land. This in effect is a requirement that the complaint shall be served on the several owners. Such a construction is not opposed to the terms of the statute, and hence the usual rule of practice would apply (sec. 1256). Section 1245 declares that in particulars not provided for therein the summons must be in the form of process in civil actions and that it must be served in like manner. Neither in section 1256 nor elsewhere in the statute in eminent domain proceedings is there any provision for dispensing with the issuance or service of summons in any given contingency, and it would seem to follow that in a proper case the provision of section 581a, that if an appearance is made within three years the action may be prosecuted in the same manner as if summons had been *issued* and served, would apply.

The courts have never regarded the issuance of summons as an element of jurisdiction that could not be waived. *Hayes* v. *Shattuck,* 21 Cal. 52, was an action in ejectment. Section 22 of the Practice Act declared that an action is commenced by the filing of a complaint and issuing a summons. Section 39 provided that a voluntary appearance shall be equivalent to personal service of summons. There had been no issuance of a summons in the action, but the defendant had answered. The court said: "Putting in an answer is an appearance; and such an appearance must be held to be a waiver of the mere formality of issuing a summons, the service of which in such case becomes unnecessary. The only purpose of the summons is to bring the defendant into court. It is constantly said by courts, when actions are commenced by the service of process, as by *capias ad respondendum,* that a voluntary appearance waives all defects of process, even when objection is taken in the same action." The identical situation is involved in the proceeding herein and there seems to be no reason why the same conclusion should not be reached here as in that case. Section 405, before it was amended, provided that an action was commenced by filing a complaint and issuing a summons; section 406 required the summons to be issued within one year. It was held that the issuance of such summons was mandatory, and that if the defendant appeared specially to dismiss after the year had expired the action must be dismissed,

but that the issuance of such summons could be waived by a general appearance. (*Linden Gravel Mining Co.* v. *Sheplar,* 53 Cal. 245; *Kimball* v. *Board of Supervisors,* 46 Cal. 19.)

Furthermore, it is not required that the complaint shall be filed and the summons issued at the same time. While it is provided that the proceeding must be commenced by filing a complaint and issuing the summons, the language of the statute does not in its implications negative the construction that where the defendant voluntarily appears it will be necessary to issue the summons in order to commence the action or vest the court with jurisdiction to act. Examining the statute in its entirety we are not prepared to hold that the filing of the complaint did not vest the court with jurisdiction of the subject matter. The purpose of the summons is to give the defendant notice of the pendency of the proceeding. Section 1243 by its terms is not a requirement for complete jurisdiction, for it does not prescribe the *service* of the summons. The provision therein that "All such proceedings must be commenced by filing a complaint and issuing a summons" is a description of the steps required to secure jurisdiction—the filing of the complaint giving authority over the subject matter and the issuing of the summons meaning no more than a step toward acquiring jurisdiction over the person of the defendant, which may be dispensed with if the defendant has appeared. In other words, his appearance obviates giving him notice of the proceedings by process.

[9] We have said that the purpose of requiring the issuance of a summons is to fix a date at which the value of the land is to be assessed. The only provision in the statute dealing with the date at which the value of the lands is to be assessed is contained in section 1249, which section also has relation to the contingency that the action may not be tried within one year after it is commenced. The question naturally arises that if the purpose of the requirement that a summons be issued is to fix a date at which the value of the land is to be assessed, and no summons has been issued, as in this case, at what date will the value of the land be assessed? The answer is that as the requirement is but a step in the direction of giving the defendant notice of the pro-

ceeding, the date for assessing the value of the land will be the date he appeared in the action.

The application for a peremptory writ of prohibition is denied.

Seawell, J., Richards, J., Lennon, J., Waste, J., Myers, C. J., and Houser, J., *pro tem.,* concurred.