[Civ. No. 15278. First Dist., Div. Two. Sept. 15, 1952.]

THE PEOPLE, Respondent, v. ONE 1949 CADILLAC CONVERTIBLE COUPE, Appellant.

116

Mancuso, Herron & Winn and Vernon W. Humber for Appellant.

Edmund G. Brown, Attorney General, Ralph W. Scott and Charles A. Barrett, Deputy Attorneys General, for Respondent.

JONES, J. pro tem.—This action is one in which a judgment forfeiting the defendant automobile to the state has been entered under the provisions of section 11610 of the Health and Safety Code, commonly referred to as the Narcotics Law. The car was being sold under a conditional sales contract at the time it was seized by the San Francisco police. The legal owner and the registered owner defended separately. The legal owner and holder of the conditional sales contract has accepted the judgment below and has not appealed. The appeal is by the registered owner alone. Two grounds are urged for a reversal of the judgment. It is first contended that the evidence does not sustain the findings and, secondly, that the court never acquired jurisdiction in the case.

The finding which is challenged as being without sufficient evidence is that the car "was used by one Edwin Cavness, now deceased, to keep, deposit, conceal and transport narcotics, to-wit: Heroin, and said narcotics were unlawfully possessed by an occupant of the car, to-wit: one Kenneth Greenway, now deceased."

The automobile in question, a Cadillac coupé, was found by the police early on the morning of October 22, 1950, parked near a byway on Twin Peaks in San Francisco. Two dead men were in the front seat. One was Edwin Cavness, and the other Kenneth Greenway. Each man had died as the result of a bullet wound, and one Sherman Arnold was afterward tried and convicted for killing these men. (*People* v. *Arnold,* 108 Cal.App.2d 719 [239 P.2d 449].)

When the police inspector approached the car, the body of Cavness occupied the driver's position behind the steering wheel. The body of Greenway was also on the driver's seat to the right of Cavness. On the floor of the car and within about two inches of Greenway's outstretched hand was a bindle of heroin. Another package of heroin was found concealed in the fold of the front seat directly behind the body of Cavness. The settled statement of facts on appeal recites that: "There was no evidence offered or produced by either one of the interveners in this case showing or tending to show or indicate, directly or indirectly, that any person other than the deceased Cavness and the deceased Greenway had placed the narcotics in the position in the automobile in which they were found." Appellant the mother of Cavness and the registered owner of the Cadillac, testified that he had her permission to use the car on the occasion of his death. The fact that her consent and permission was so given is not disputed.

In *People* v. *One 1940 Chrysler,* 77 Cal.App.2d 306 [175 P.2d 585], the registered owner had given one of the occupants of the parked car permission to use it. At the time of their arrest both occupants were in the back seat. Two marihuana cigarettes were found beneath the floor mat in front of the driver's seat. Both occupants denied having any knowledge of these cigarettes. The car was decreed forfeited to the state, and both the legal and registered owner appealed. Based upon the concealment of the marihuana beneath the floor mat of the car which was in the possession of the person permitted to use it, the court there said (p. 315): "We are, therefore, of the opinion that the evidence in the instant case was sufficient to prove at least prima facie that appellant Pennewell (registered owner), and Miss Reader (entrustee), or both, had knowledge of the presence of the marihuana cigarettes in said automobile. Our attention has been called to no case, and we know of none, in which a judgment of forfeiture has been reversed upon the ground of the insuffi-

ciency of the evidence, where the automobile was in the possession and control of the owner or his entrustee, and the owner or his entrustee was in the automobile at the time the contraband narcotic was found concealed therein.'' In this case no denial of possession of the narcotics has been made and, as the statement of facts shows, ''no evidence'' was ''offered or produced . . . showing or tending to show or indicate, directly or indirectly, that any person other than the deceased Cavness and the deceased Greenway had placed the narcotics in the position in the automobile in which they were found.''

■ As it is said in *People* v. *One 1937 Buick Coupe,* 89 Cal.App.2d 556, 562 [201 P.2d 402], ''It is now established law in this state that the innocence of the owner is no defense to a forfeiture proceeding where the owner has consented to the use of his automobile by a person who, without the owner's knowledge, uses it for an unlawful purpose,'' citing *People* v. *One 1937 Plymouth 6,* 37 Cal.App.2d 65 [98 P.2d 750]. See, also, *People* v. *One 1941 Buick Sport Coupe,* 28 Cal.2d 692 [171 P.2d 719], and *People* v. *One 1941 Ford 8 Stake Truck,* 26 Cal.2d 503, 507 [159 P.2d 641]. Appellant's contention that the findings are without substantial evidentiary support fades in the light of the foregoing authorities.

■ Equally untenable is the contention that the court below was without jurisdiction. The attorney general on behalf of the state, and in accordance with the provisions of section 11612 of the Health and Safety Code, filed with the county clerk of the city and county of San Francisco notice of seizure and intended forfeiture. In this manner the action against the Cadillac was instituted and the court given jurisdiction over the subject matter. (*Harrington* v. *Superior Court,* 194 Cal. 185 [228 P. 15] ; *Sampsell* v. *Superior Court,* 32 Cal.2d 763, 773 [197 P.2d 739].) By answering the notice appellant waived any claim of lack of jurisdiction over the parties (*Sampsell* v. *Superior Court, supra*) and, insofar as she is concerned the jurisdiction of the court became complete.

■ The provisions of section 11611 with reference to the seizure of an automobile when making an arrest for a violation of the Narcotics Law relate to matters of evidence and not to jurisdiction.

The judgment is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 13, 1952.