[Civ. No. 5737. Fourth Dist. Jan. 30, 1958.]

THE PEOPLE, Respondent, v. ONE 1951 CHEVROLET 2-DOOR, ENGINE NUMBER JAA 932815, Defendant; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Appellant.

[Civ. No. 5739. Fourth Dist. Jan. 30, 1958.]

THE PEOPLE, Respondent, v. ONE 1955 2-DOOR MONTCLAIR MERCURY, SERIAL NUMBER 55LA11392M, Defendant; BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Appellant.

Samuel B. Stewart, Hugo A. Steinmeyer and Winfield Jones for Appellant.

Edmund G. Brown, Attorney General, and Lynn Henry Johnson, Deputy Attorney General, for Respondent.

MUSSELL, J.—These appeals are from judgments of the Superior Courts of Riverside and Orange Counties forfeiting the interests of the legal and registered owners of automobiles in proceedings commenced by the People of the State of California pursuant to the provisions of section 11612 et seq. of the Health and Safety Code of the State of California by reason of the unlawful use of said vehicles contrary to the force and effect of section 11610 of said code.

It is stipulated by the parties that the automobiles involved were not seized on behalf of the State at the time of the unlawful use thereof but were seized at a later date at a time when they were not being unlawfully used. It is further stipulated that the sole question presented in these appeals is the question of whether or not proceedings of the type involved in the superior court and judgments or forfeiture rendered therein can be based upon such delayed seizures.

On July 24, 1956, the Attorney General of the State of California filed in Riverside County a notice of seizure and intended forfeiture of the Chevrolet automobile involved, alleging that it had been used in violation of section 11610 of the Health and Safety Code. Answers were filed by the Bank of America National Trust and Savings Association, the legal owner, and Rudy Avila, the registered owner of the car, denying its unlawful use. The trial court found that on April

5, 1956, this vehicle was used to unlawfully transport a narcotic in violation of section 11610 of the Health and Safety Code; that the vehicle was seized by officers of the Riverside County sheriff's office on June 13, 1956, at which time it was not being used in an unlawful manner, and that the original interest of the Bank of America National Trust and Savings Association in said automobile was not created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, Rudy Avila.

In the case of the People versus the Mercury automobile, the notice of seizure and intended forfeiture was filed in the Superior Court of Orange County on May 3, 1956. It is alleged in this notice that the 1955 Mercury had been unlawfully used to transport and possess a narcotic in violation of section 11610 of the Health and Safety Code. An answer was filed by the Bank of America National Trust and Savings Association, the legal owner of the car, denying its unlawful use.

The trial judge found that the registered owner of the vehicle had handed a marijuana cigarette to another person while seated in the vehicle on January 12, 1956; that the vehicle was seized by officers of the Santa Ana police department on January 22, 1956, at which time it was not being unlawfully used and that the Bank of America National Trust and Savings Association, legal owner of said vehicle, presented no evidence that its interest in said vehicle was created after a reasonable investigation of the moral responsibility, character and reputation of the purchaser, Elwood Jones.

The appeals herein were taken by the Bank of America National Trust and Savings Association and it was stipulated by the parties that the same factual situation and question presented are involved in both cases. It was further stipulated that it would be for the convenience and best interests of the court and all of the parties herein to consolidate the aforesaid cases for hearing and briefing. Pursuant to orders of this court the briefs filed are the same in each case.

The principal contentions on appeal are that the seizures of the automobiles involved were unauthorized since they were not made at the time the vehicles were being unlawfully used and that such seizures were thus insufficient to give the court jurisdiction over the forfeiture proceedings.

Section 11610 of the Health and Safety Code reads as follows: "A vehicle used to unlawfully transport or facilitate the unlawful transportation of any narcotic, or in which any narcotic is unlawfully kept, deposited or concealed or which

is used to facilitate the unlawful keeping, depositing or concealment of any narcotic, or in which any narcotic is unlawfully possessed by an occupant thereof or which is used to facilitate the unlawful possession of any narcotic by an occupant thereof, shall be forfeited to the State.''

Section 11611 of said code provides that: ''Any peace officer of this State, upon making or attempting to make an arrest for a violation of this division, shall seize any vehicle used to unlawfully transport any narcotic or to facilitate the unlawful transportation of any narcotic, or in which any narcotic is unlawfully kept, deposited or concealed or which is used to facilitate the unlawful keeping, depositing or concealment of any narcotic, or in which any narcotic is unlawfully possessed by an occupant thereof, or which is used to facilitate the unlawful possession of a narcotic by an occupant thereof, and shall immediately deliver such vehicle to the Division of Narcotic enforcement of the Department of Justice to be held as evidence until a forfeiture has been declared or a release ordered.''

Appellant argues that section 11611 sets forth the only method by which a vehicle used in violation of section 11610 may be seized and that if the seizure is not made at the time of the arrest for violation of said section, the seizure is void. We are not in accord with these contentions.

In *People* v. *One 1949 Cadillac Conv. Coupé*, 113 Cal.App. 2d 115, 118 [247 P.2d 848], the automobile involved was found by the police, parked near a byway on Twin Peaks in San Francisco. The two occupants of the car were both found dead in the front seat and the officers found heroin concealed in the car. One of the contentions on appeal was that the court never acquired jurisdiction in the case and the court said:

''Equally untenable is the contention that the court below was without jurisdiction. The attorney general on behalf of the state, and in accordance with the provisions of section 11612 of the Health and Safety Code, filed with the county clerk of the city and county of San Francisco notice of seizure and intended forfeiture. In this manner the action against the Cadillac was instituted and the court given jurisdiction over the subject matter. (*Harrington* v. *Superior Court*, 194 Cal. 185 [228 P. 15] ; *Sampsell* v. *Superior Court*, 32 Cal.2d 763, 773 [197 P.2d 739].) By answering the notice appellant waived any claim of lack of jurisdiction over the parties

(*Sampsell* v. *Superior Court, supra*) and, insofar as she is concerned the jurisdiction of the court became complete.

"The provisions of section 11611 with reference to the seizure of an automobile when making an arrest for a violation of the Narcotics Law relate to matters of evidence and not to jurisdiction."

In the instant cases the seizures were made prior to the filing of the forfeiture proceedings. The cars were in the custody of the officers when the notices of seizure and intended forfeiture were filed and the court then had jurisdiction of the subject matter involved and of the parties upon whom notice was served and who appeared in the action. The provisions of section 11611 are merely directory, giving certain instructions to peace officers and there is nothing in section 11610 to the effect that a forfeiture depends upon the immediate seizure of a vehicle at the time of the arrest. The right of forfeiture accrued in the instant cases at the time when the vehicles were used in violation of the statute and the failure of the officers to seize the vehicles immediately upon the arrests did not in our opinion defeat such right.

Appellant further contends that the State waived the right to forfeiture by failing to seize the vehicles at the time of their unlawful use. However, appellant cites no authorities which support this argument. The right of forfeiture is governed by section 11610 of the Health and Safety Code and since the cars were seized prior to the filing of the notices of seizure and intended forfeiture, the failure of the officers to follow the directory provisions of section 11611 of said code cannot be held to be a waiver of the right of forfeiture, where, as here, the proceedings were filed within the period specified in section 340 of the Code of Civil Procedure.

Judgments affirmed.

Barnard, P. J., and Waite, J. pro tem.,* concurred.

Petitions for a rehearing were denied February 24, 1958, and appellant's petition for a hearing by the Supreme Court was denied March 26, 1958.

---

*Assigned by Chairman of Judicial Council.