687 P.2d 946

**In the Matter of 1976 PORSCHE AUTO-MOBILE NEW MEXICO LICENSE NO. BNE–532 VIN: 4762900200**

**The STATE of Arizona, Plaintiff/Appellee,**

v.

**Scott JACOBSEN, Defendant/Appellant.**

**No. 2 CA–CIV 4936.**

Court of Appeals of Arizona, Division 2.

June 25, 1984.

Stephen D. Neely, Pima County Atty. by Michael P. Callahan, Deputy County Atty., Tucson, for plaintiff/appellee.

Scott Jacobsen, in pro. per.

OPINION

HATHAWAY, Judge.

This appeal is from a February 11, 1983, judgment to retain a 1976 Porsche automobile as a result of forfeiture proceedings filed under A.R.S. § 13–3409(A)(3).

The facts show that appellant was allegedly involved in two drug transactions in Pima County in May 1982. The Porsche automobile was allegedly used by appellant to transport the narcotics in Tucson on those dates. Appellant was not arrested following the transactions, but rather he returned to New Mexico while negotiations for larger transactions ensued. Tucson police officers and appellant arranged a sale of $1,000 worth of methamphetamines, the sale being consummated on May 25, 1982, in Albuquerque. At this point, a laboratory for the manufacture of narcotics was seized, appellant and others were arrested and federal narcotics prosecutions were instituted. The vehicle in question was seized on June 14, 1982, in Albuquerque by the Albuquerque Police Department at the request of the Tucson Police Department, and was delivered to the Tucson Police Department. Forfeiture proceedings were instituted two days later when an order was issued by Pima County Superior Court Judge William Sherrill authorizing the retention of the automobile. Pleadings were thereafter filed by the state and eventually responsive pleadings were filed by appellant, which were stricken as untimely. A default judgment was eventually entered along with the judgment to retain the vehicle.

■ Preliminarily, the state has argued that appellant was correctly denied relief below since he failed to timely raise his challenge to the proceedings, citing *In the Matter of 1969 Ford Truck I.D. No. E14AHD34733, License No. 2 CB–870*, 122 Ariz. 442, 595 P.2d 674 (App.1979). However, in that case, the appellant was advancing an illegal search and seizure argument in the motion to suppress and was therefore bound by the 20-day requirement

of Rule 16.1(b), Rules of Criminal Procedure, 17 A.R.S. Here, appellant has challenged the jurisdiction of the court to conduct the forfeiture proceeding. Lack of subject matter jurisdiction may be raised at any time and is not subject to the 20-day limitation of Rule 16.1(b).

■ Appellant's jurisdictional argument was that, since Arizona improperly gained control of the automobile by requesting its seizure outside of its territorial limits by another law enforcement agency, the forfeiture proceedings were void and the automobile should be returned to him. The basic prerequisite to the court's exercise of jurisdiction is its actual or constructive possession of the property being subjected to the forfeiture proceeding. *Strong v. United States*, 46 F.2d 257 (1st Cir.1931). However, courts are divided as to whether an illegal or unauthorized seizure precludes a court from exercising jurisdiction.

One line of decisions has held that the illegality of the seizure has nothing to do with the question of jurisdiction, since the owner of the property suffers nothing which he would not have suffered if the seizure had been lawful. *Dodge v. United States*, 272 U.S. 530, 47 S.Ct. 191, 71 L.Ed. 392 (1926); *United States v. One Ford Coupe Automobile*, 272 U.S. 321, 47 S.Ct. 154, 71 L.Ed.279 (1926); *Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *State v. Four Bell Fruit Gum Slot Machines*, 196 Okl. 44, 162 P.2d 539 (1945). Some cases have reasoned that if the res is within the jurisdiction at the time the proceeding is initiated, the government is, in effect, adopting the seizure and proceeding thereon by legal process and the action is no less valid than when the seizure is by authority originally given. See *United States v. Dodge Truck*, 23 F.Supp. 582 (W.D.Pa.1938); cf. *Cook v. United States*, 288 U.S. 102, 53 S.Ct. 305, 77 L.Ed. 641 (1933) (recognizing this principle, but finding it inapplicable where beyond the territorial limits placed upon the government's authority by treaty).

In *Dodge v. United States*, supra, the court was presented with a seizure of a motorboat by state officers for violation of

the National Prohibition Act. The state officers were not authorized by the act to make the seizure. The court held that where the seizure was made by one having no authority to do so, the government could nevertheless adopt the seizure with the same effect as if it had been originally made by one duly authorized, reasoning that "the jurisdiction of the court was secured by the fact that the res was in the possession of the [party authorized to seize] when the libel was filed." 272 U.S. at 532, 47 S.Ct. at 192.

It has been pointed out that both Mr. Justice Holmes in *Dodge v. United States,* supra, and Mr. Justice Brandeis in *United States v. One Ford Coupé Automobile,* supra, were apparently paraphrasing Mr. Justice Story's opinion in *The Caledonian,* 4 Wheat (17 U.S.) 100, 103, 4 L.Ed. 523 (1819), for the proposition that a forfeiture proceeding "quite basically involves the *in rem* jurisdiction of a court of the United States and that it makes very little difference to any one how initial possession of the *res* was obtained, so long as the proceeding to enforce the forfeiture accords with due process." *United States v. One 1963 Cadillac Coupe de Ville Two-Door,* 250 F.Supp. 183, 186 (W.D.Mo.1966). In the present case, appellant received notice of the proceedings and did eventually appear, and no due process argument is made.

A case close to the factual posture of the instant one was decided by the Ninth Circuit in *United States v. One 1977 Mercedes Benz, 450 SEL, VIN 1160–3302064538,* 708 F.2d 444 (9th Cir.1983). There the claimant-owner of the automobile argued that the seizure by federal officers was improper as it infringed on the authority of the State of California. She maintained that because forfeiture is an in rem action, the district court's jurisdiction rested on seizure of the res and if the res were improperly before the court, the court lacked jurisdiction to enter a forfeiture order. The court found the question disposed of in *United States v. One 1971 Harley-Davidson Motorcycle,* 508 F.2d 351 (9th Cir. 1974). There, the government had seized a motorcycle for forfeiture without a warrant under circumstances the court found illegal. The court rejected the argument that "an object illegally seized cannot in any way be used ... as the basis for in rem jurisdiction." 508 F.2d at 351. The court in *One 1977 Mercedes Benz,* supra, cited *Dodge v. United States,* supra, to support its holding and found the jurisdiction of the trial court was proper despite any irregularities in the automobile's seizure. A similar result, that the mere presence of the res within the jurisdiction is enough to support the court's jurisdiction, was reached in *People v. One 1949 Cadillac Convertible Coupe,* 113 Cal.App.2d 115, 247 P.2d 848 (1952), citing *Harrington v. Superior Court,* 194 Cal. 185, 228 P. 15 (1924), and *Sampsell v. Superior Court,* 32 Cal.2d 763, 197 P.2d 739 (1948). See also *People v. One 1951 Chevrolet 2-Door,* 157 Cal. App.2d 301, 320 P.2d 881 (1958).

Opposed to these cases are decisions which reject the ability of the court to acquire jurisdiction over a res or a person "where it has been acquired as the result of the government's deliberate, unnecessary and unreasonable invasion of the accused's constitutional rights." *United States v. Toscanino,* 500 F.2d 267, 275 (2nd Cir.1974). The court there reasoned that its conclusion "represents but an extension of the well-recognized power of federal courts in the civil context to decline to exercise jurisdiction over a defendant whose presence has been secured by force or fraud." 500 F.2d at 275. See *In re Johnson,* 167 U.S. 120, 17 S.Ct. 735, 42 L.Ed. 103 (1896); *Fitzgerald Construction Co. v. Fitzgerald,* 137 U.S. 98, 11 S.Ct. 36, 34 L.Ed. 608 (1890). In *United States v. One 1949 Model Ford Coach Automobile,* 101 F.Supp. 492 (D.S.C.1951), the court ruled that where the automobile was seized illegally, no forfeiture could be had. Similarly, a forfeiture was dismissed in *United States v. One 1949 Buick Sedanette,* 112 F.Supp. 218 (D.Mass.1953).

Other cases have taken the position that if the statute authorizing forfeitures expressly establishes a procedure for seizing the property to be forfeited, failure to comply with the procedure would preclude the forfeiture. *United States v. Four Thou-*

sand One Hundred and Seventy One Dollars ($4,171.00) in United States Currency, 200 F.Supp. 28 (N.D.Ill.1961); State v. Rosarbo, 2 Conn.Cir. 399, 199 A.2d 575 (1963); State v. Ford Touring Car, 117 Me. 232, 103 A. 364 (1918); State v. Intoxicating Liquors, 110 Me. 260, 85 A. 1060 (1913); State v. Spiritous Liquors, 75 N.H. 273, 73 A. 169 (1909); State v. Certain Liquors, 21 R.I. 531, 532, 45 A. 552 (1900); Utah Liquor Control Com. v. Wooras, 97 Utah 351, 93 P.2d 455 (1939). In State v. Intoxicating Liquors, supra, the court stated:

> "If there was no legal seizure, then there could be no judgment of forfeiture. 'The very foundation of forfeiture is a legal seizure; until this is had, no further proceedings are authorized.' [Citations omitted]" 85 A. at 1061.

The cases are compiled in the annotation of 8 A.L.R.3d 473, under the lead case of Berkowitz v. U.S., 340 F.2d 168 (1st Cir. 1965), which held that the government could not enforce a forfeiture of money and checks on the ground that the items had been used in violation of internal revenue laws, where the government had seized the property by an invasion of the constitutional rights of the person from whom the property had been seized incident to an unlawful arrest. The court, refusing to allow "the Governmental violators of the Constitution" to "enrich the Treasury by their defiance of fundamental liberties," applied exclusionary rule reasoning referred to, but not followed, by Mr. Justice Holmes in Dodge v. United States, supra.

We are persuaded that the general rule is that the governmental authority has the power to enforce a forfeiture regardless of how control was obtained over the property. See United States v. F/V Taiyo Maru, Number 28, SOI 600, 395 F.Supp. 413 (D.Me.1975). However, our legislature has chosen to follow the minority rule which requires a lawful seizure of the res. Forfeitures under A.R.S. § 13–3409 are required to be accomplished in accordance with the procedure set forth in A.R.S. § 13–106, which provides in part:

> "B. Property subject to forfeiture pursuant to chapter 34 of this title may be seized by a peace officer upon process issued by any court having jurisdiction over the property. Seizure without process may be made if any of the following apply:
>
> 1. The seizure is incident to any arrest or any lawful search or seizure or an inspection under the administrative inspection warrant.
>
> 2. The seizing officer has probable cause to believe that the property subject to seizure has been the subject of a prior judgment in favor of this state and the seizing officer has probable cause to believe that the property will be destroyed or removed from the jurisdiction of the state before a warrant can be obtained.
>
> 3. A peace officer has probable cause to believe that the property is directly or indirectly dangerous to health or safety and that harm may occur before a warrant can be obtained.
>
> 4. A peace officer has probable cause to believe that the property was used or is intended to be used in an offense and that the offense will occur or the property will be removed from the jurisdiction of the seizing agency before a warrant can be obtained."

It is clear that the property can only be seized pursuant to a court order, unless one of the enumerated exceptions applies, which is not the case here. Indeed, § 13–106(B)(1) contemplates a seizure pursuant to a lawful search or seizure. Since Arizona has aligned itself with those jurisdictions which authorize forfeiture proceedings only where the res is properly brought before the court, we also follow the cases which void the proceeding when the seizing authority has disregarded the statutory requirements for forfeiture. Therefore, the forfeiture order is vacated as having been entered without jurisdiction.

BIRDSALL, C.J., and HOWARD, J., concur.